William George FORD, Appellant,

v.

UNITED STATES of America, Appellee.

No. 92–2231.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 30, 1992.

Decided Jan. 14, 1993.

Rehearing and Rehearing En Banc
Denied Feb. 25, 1993.

The appellant appeared in this case pro se.

Elizabeth Anne de la Vega, Minneapolis, MN, argued (Thomas B. Heffelfinger, Elizabeth L. de la Vega and Michael J. Gableman, on the brief) for appellee.

Before MAGILL, LOKEN, and HANSEN, Circuit Judges.

PER CURIAM.

William George Ford, a federal inmate, appeals from the district court's [1] denial of his 28 U.S.C. § 2255 motion. We affirm.

Ford was convicted of three counts of aiding and abetting the distribution of heroin in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and three counts of distribution of heroin in violation of 21 U.S.C. § 841(a). The district court sentenced Ford as a career offender to 300 months imprisonment and six years supervised release. This court vacated the sentence and remanded for a determination of whether Ford was entitled to a reduction for acceptance of responsibility. *United States v. Ford*, 918 F.2d 1343, 1350 (8th Cir.1990). On remand, the district court granted the reduction and resentenced Ford to 236 months imprisonment followed by a six-year term of supervised release. Ford did not appeal the new sentence.

Ford filed this pro se motion raising for the first time his competence at trial and sentencing errors. He claimed that the prescription pain medication that he was taking during trial rendered him unable to assist in his defense; he was improperly held accountable for the distribution of illegal drugs that was unforeseeable to him; the presentence report (PSR) improperly classified him as a Class B felon rather than a Class C felon; the district court improperly relied on two previous drug convictions to establish that he was a career offender under U.S.S.G. § 4B1.2; and the court violated 21 U.S.C. § 851(b) when it failed to inform Ford that any objection to a prior conviction had to be made before sentencing. Ford also stated that he had not previously raised these claims because his counsel was ineffective.

The government argued that Ford's sentencing claims were procedurally barred because Ford had failed to raise them on direct appeal and, because he had failed to establish ineffective assistance of counsel, he had not shown cause and prejudice to excuse his procedural default. In addition to addressing each of these claims on the merits, the government contended Ford had been competent to stand trial.

Ford responded that he was incompetent to assist in his defense and that the district court should have inquired further into his competence to stand trial. Ford also argued his prior conviction did not qualify under section 851, his sentence did not fall below the twenty-year statutory maximum for a Class C offense, and the sentencing court violated section 851(b) because it failed to inform him that he needed to object before sentencing. For the first time, Ford also complained his counsel was ineffective because he failed to inform Ford which prior convictions would be used against him and merely stated that the court might sentence him as a career offender. The district court denied the section 2255 motion on the merits, and this timely appeal followed.

■ We conclude Ford is barred from raising sentencing errors in this section 2255 motion. Ford could have raised these issues on direct appeal and he has not shown cause and prejudice to excuse his procedural default. *See Reid v. United States*, 976 F.2d 446, 448 (8th Cir.1992). Although in his petition Ford summarily mentioned ineffective assistance as cause to excuse his default, he has failed to show

1. The Honorable David S. Doty, United States District Judge for the District of Minnesota.

that appellate counsel performed deficiently in failing to raise these issues on direct appeal, and that counsel's deficient performance prejudiced him. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

■ After carefully reviewing the trial transcript, we conclude Ford was competent to stand trial. Other than his allegations, Ford submitted nothing below to show that he was incompetent when he stood trial. The trial transcript indicates Ford understood the proceedings, answered questions appropriately, testified his mind was "free and clear," and testified at length about his background and how he became involved with drugs.

We conclude Ford did not raise an independent ineffective assistance claim because he neither asserted it in his original petition nor moved to amend his petition to include it. We do not address Ford's ineffective assistance claims which were raised for the first time on appeal. *See Diamonds Plus, Inc. v. Kolber*, 960 F.2d 765, 768 (8th Cir.1992).

Accordingly, we affirm.