14 F.3d 44
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Adegboyega AKITOYE, Plaintiff, Appellant,
v.
UNITED STATES of America, Defendant, Appellee.
 No. 93-1217.
 United States Court of Appeals,
First Circuit.
 December 27, 1993
 
 Appeal from the United States District court for the District of Rhode Island
 Adegboyega Akitoye on brief pro se.
 Edwin J. Gale, United States Attorney, Margaret E. Curran and James H. Leavey, Assistant United States Attorneys, on brief for appellee.
 D.R.I.
 AFFIRMED
 Before Breyer, Chief Judge, Torruella and Selya, Circuit Judges.
 Per Curiam.
 
 
 1
 Appellant Adegboyega Akitoye was convicted of conspiracy to distribute and possession with the intent to distribute heroin. We affirmed his conviction on direct appeal. See United States v. Akitoye, 923 F.2d 221 (1st Cir. 1991). He then filed a motion under 28 U.S.C. Sec. 2255 to vacate his sentence. In the motion, appellant raised two related grounds: (1) his conviction for conspiracy was obtained by the use of evidence not relevant to him; and (2) there was insufficient evidence to support his conviction of possession with the intent to distribute heroin. On appeal, appellant argues that the evidence was not sufficient as to the existence of a conspiracy and that his lawyer provided ineffective assistance by failing to raise the sufficiency of the evidence claim on direct appeal.[1]
 
 
 2
 Issues not pursued on direct appeal are subject to the cause and prejudice standard under United States v. Frady, 456 U.S. 152, 167-68 (1982). See Suveges v. United States, 7 F.3d 6, 10 (1st Cir. 1993) (failure of Sec. 2255 movant to object at trial to enhanced term of supervised release and to appeal sentence "in the first instance," constituted procedural default; movant therefore must show cause and prejudice to obtain collateral relief); Ford v. United States, 983 F.2d 897, 898 (8th Cir. 1993) (per curiam) (defendant was procedurally barred, absent a showing of cause and prejudice, from raising issues in a Sec. 2255 motion which he had failed to pursue on direct appeal). Thus, appellant is barred from raising the claim concerning the sufficiency of the evidence unless he can show cause and prejudice. He cannot establish 'cause' here, except, perhaps, by resort to the principle that cause can be established by ineffective assistance of counsel. Suveges, 7 F.3d at 10; Ford, 983 F.2d at 898-99.
 
 
 3
 To show ineffectiveness, appellant must demonstrate "that counsel fell below the applicable standard for performance, defined by what the lawyer knew, or should have known, at the time of his/her tactical choices...." See United States v. Fisher, 3 F.3d 456, 463 (1st Cir. 1993). Here, what appellant's attorney knew at the time he filed the appeal was that we had upheld, on direct appeal, the trial judge's finding that appellant had obstructed justice by perjuring himself at trial. The trial judge, in enhancing appellant's base offense level, had described appellant's testimony as a "self-serving 'cock and bull story.' " 923 F.2d at 228. Indeed, in referring to appellant's attempt to cast his co-conspirator as the "villain" by disclaiming any knowledge of the drugs or marked money found in his
 
 
 4
 (appellant's) apartment, we stated: "Viewed as a seamless web, the record stalwartly supports the conclusion that Akitoye fabricated a fairy tale in a lame effort to avoid the condign consequences of his criminal conduct." Id at 229. Given this scenario, it would be difficult to describe counsel's decision not to contest the sufficiency of the evidence as anything other than a tactical decision well within what constitutes "reasonable professional assistance." See Strickland v. Washington, 466 U.S. 668, 689 (1984).
 
 
 5
 Nor do we think that appellant has established the second prong of Strickland-that he was prejudiced by the failure of his attorney to present this issue on direct appeal. See id. at 687. We have carefully reviewed the record and find that there was sufficient evidence, beyond a reasonable doubt, to support the jury's conclusion that appellant had engaged in a conspiracy to distribute heroin and possession with the intent to distribute it. See, e.g., United States v. Lopez, 944 F.2d 33, 39-40 (1st Cir. 1991).
 
 
 6
 For the foregoing reasons, the judgment of the district court is affirmed.
 
 
 
 [1]
 Appellant also raises an argument concerning the trial court's denial of the jury's request to have the testimony of three witnesses read to it. However, appellant failed to present this ground when he brought his Sec. 2255 petition in the district court. "[A]n issue not presented to the trial court cannot be raised for the first time on appeal." Nogueira v. United States, 683 F.2d 576, 580 (1st Cir. 1982). In all events, this ground has already been considered and rejected on direct appeal. See Akitoye, 923 F.2d at 225-27