12 F.3d 1102
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Timothy Patrick CASSIDY, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 93-2350.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 23, 1993.
Filed: January 4, 1994.
 
 Appeal from the United States District Court for the District of Minnesota.
 Before FAGG, BOWMAN, and LOKEN, Circuit Judges.
 D.Minn.
 AFFIRMED.
 PER CURIAM.
 
 
 1
 Timothy Patrick Cassidy, a federal prisoner, appeals from the district court's[1] order denying his motion filed under 28 U.S.C. Sec. 2255. We affirm.
 
 
 2
 Cassidy pleaded guilty to aiding and abetting the possession of approximately 2.15 kilograms of cocaine with intent to distribute in violation of 21 U.S.C. Sec. 841(b)(1)(B) and 18 U.S.C. Sec. 2. In Cassidy's plea agreement, the government agreed to recommend a base offense level of 28 and a two-level reduction for acceptance of responsibility, but the district court increased his base offense level by two levels for his leadership role. See U.S.S.G. Sec. 3B1.1(c). Cassidy did not appeal the resulting sentence of 87 months in prison, five years of supervised release, and a $100,000 fine.
 
 
 3
 Cassidy then filed this Sec. 2255 motion, arguing that the district court violated Fed. R. Crim. P. 11(e)(2) by failing to warn that he could not withdraw his plea if it refused to follow the plea agreement's sentencing recommendations, and that the court improperly relied on conduct outside the offense of conviction in assessing the Sec. 3B1.1 enhancement. We agree with the district court that these issues are procedurally barred because Cassidy has not shown cause and prejudice for his failure to raise them on direct appeal. See Ford v. United States, 983 F.2d 897, 898 (8th Cir. 1993) (per curiam).
 
 
 4
 Cassidy also argues that counsel was ineffective at sentencing for withdrawing an objection to the Sec. 3B1.1 enhancement. However, Cassidy has not shown prejudice, that is, a reasonable probability that the objection would have prevailed. See Strickland v. Washington, 466 U.S. 668, 694 (1984). Nor was counsel ineffective for withdrawing a factually tenuous objection that could have jeopardized Cassidy's acceptance of responsibility reduction. Finally, we decline to address Cassidy's additional ineffective assistance claim because it is raised for the first time on appeal. See Ford, 983 F.2d at 899.
 
 
 5
 The judgment of the district court is affirmed.
 
 
 
 [1]
 The HONORABLE JAMES M. ROSENBAUM, United States District Judge for the District of Minnesota