21 F.3d 419
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
George W. DAVID, Petitioner, Appellant,
v.
UNITED STATES of America, Respondent, Appellee.
 No. 93-1701
 United States Court of Appeals, First Circuit
 March 31, 1994
 
 Appeal from the United States District Court for the District of Massachusetts [Hon. Frank H. Freedman, Senior U.S. District Judge ]
 George W. David on brief pro se.
 A. John Pappalardo, United States Attorney, and John P. Pucci, Assistant United States Attorney, on brief for appellee.
 D.Mass.
 AFFIRMED
 Before Breyer, Chief Judge, Torruella and Selya, Circuit Judges.
 Per Curiam.
 
 
 1
 Appellant George W. David appeals from the dismissal of his motion filed under 28 U.S.C. Sec. 2255. In this motion, appellant argues that a portion of his sentence should be vacated. However, appellant did not object to the sentence at the time it was imposed nor did he pursue a direct appeal.
 
 
 2
 Where a criminal defendant does not object below and does not appeal his sentence, he is barred form raising his challenge to the sentence in a Sec. 2255 motion unless he can establish cause and prejudice as required by United States v. Frady, 456 U.S. 152, 167-68 (1982). See Suveges v. United States, 7 F.3d 6, 10 (1st Cir. 1993) (failure of Sec. 2255 movant to object at trial to enhanced term of supervised release and to appeal sentence "in the first instance," constituted procedural default; movant therefore must show cause and prejudice to obtain collateral relief); Ford v. United States, 983 F.2d 897, 898-99 (8th Cir. 1993) (per curiam) (defendant was procedurally barred, absent a showing of cause and prejudice, from raising sentencing issues in a Sec. 2255 motion which he had failed to pursue on direct appeal). Appellant, having failed to show cause, is barred from raising the issue now.
 
 
 3
 In any event, we have carefully reviewed the record and the briefs of the parties and find no plain error in the district court's decision. We therefore affirm the judgment of the district court.