USCA1 Opinion

 

 March 31, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1701 GEORGE W. DAVID, Petitioner, Appellant, v. UNITED STATES OF AMERICA, Respondent, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Frank H. Freedman, Senior U.S. District Judge] __________________________ ____________________ Before Breyer, Chief Judge, ___________ Torruella and Selya, Circuit Judges. ______________ ____________________ George W. David on brief pro se. _______________ A. John Pappalardo, United States Attorney, and John P. Pucci, ___________________ ______________ Assistant United States Attorney, on brief for appellee. ____________________ ____________________ Per Curiam. Appellant George W. David appeals from __________ the dismissal of his motion filed under 28 U.S.C. 2255. In this motion, appellant argues that a portion of his sentence should be vacated. However, appellant did not object to the sentence at the time it was imposed nor did he pursue a direct appeal. Where a criminal defendant does not object below and does not appeal his sentence, he is barred form raising his challenge to the sentence in a 2255 motion unless he can establish cause and prejudice as required by United ______ States v. Frady, 456 U.S. 152, 167-68 (1982). See Suveges v. ______ _____ ___ _______ United States, 7 F.3d 6, 10 (1st Cir. 1993) (failure of _____________ 2255 movant to object at trial to enhanced term of supervised release and to appeal sentence "in the first instance," constituted procedural default; movant therefore must show cause and prejudice to obtain collateral relief); Ford v. ____ United States, 983 F.2d 897, 898-99 (8th Cir. 1993) (per _____________ curiam) (defendant was procedurally barred, absent a showing of cause and prejudice, from raising sentencing issues in a 2255 motion which he had failed to pursue on direct appeal). Appellant, having failed to show cause, is barred from raising the issue now. In any event, we have carefully reviewed the record and the briefs of the parties and find no plain error in the district court's decision. We therefore affirm the judgment ______ of the district court. -3-