No. 95-2687

Kenneth Eugene Bousley,                 *
                                        *
          Appellant,                    *
                                        *  Appeal from the United States
     v.                                 *  District Court for the
                                        *  District of Minnesota.
Joseph M. Brooks, Warden,               *
                                        *
          Appellee.                     *

                 Submitted:  July 26, 1996

                 Filed:  October 3, 1996

Before BOWMAN, BEAM, and LOKEN, Circuit Judges.

BEAM, Circuit Judge.


     Kenneth E. Bousley was convicted in 1990, upon a plea of guilty, for drug trafficking and use of a firearm in relation to a drug offense.  He now appeals from the district court's[1] dismissal of his 28 U.S.C. § 2255 habeas corpus petition.  We affirm.


I.   **BACKGROUND**


     On March 19, 1990, police officers executed a search warrant at Bousley's home in Minneapolis, Minnesota.  The officers found two coolers in Bousley's garage.  Inside the coolers were two briefcases containing approximately seven pounds (3,153 grams) of methamphetamine.  One of the coolers also contained two loaded

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota, adopting the recommendations of the Honorable Raymond L. Erickson, United States Magistrate Judge for the District of Minnesota.

handguns and one unloaded handgun. A coffee can in the garage contained an additional 33 grams of methamphetamine. The officers found another 6.9 grams of methamphetamine and two loaded handguns in Bousley's bedroom.

Bousley was charged with possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and with use of a firearm in relation to a drug offense pursuant to 28 U.S.C. § 924(c). Bousley admitted that he had been selling methamphetamine from his garage. He also admitted knowledge of the drugs and firearms in his bedroom, as well as of the drugs found in the coffee can in the garage. Bousley disclaimed knowledge of the drugs and firearms found inside the two coolers.

Bousley entered a plea of guilty to both the drug and firearms charges. The plea agreement stipulated that Bousley could challenge the amount of drugs that would be used to determine his sentence. In accordance with this agreement, the district court held an evidentiary hearing at which it received exhibits and took testimony from Bousley and FBI Special Agent Michael Kelly, who had interviewed Bousley after his arrest. Based on the hearing and on Bousley's presentence report, the district court determined that Bousley's sentence for the drug charge would be based on the 946.9 grams of methamphetamine found in Bousley's bedroom, in the coffee can, and in one of the two briefcases in the garage. The court decided not to consider the approximately five pounds of drugs found in the second briefcase in determining the relevant conduct for which Bousley was accountable. The court sentenced Bousley to a term of seventy-eight months for the section 841(a)(1) drug charge and to a consecutive mandatory sixty-month sentence under § 924(c) for use of the firearms in relation to the drug offense.

Bousley appealed his sentence under the drug charge. This court affirmed. United States v. Bousley, No. 90-5598 (8th Cir. Sept. 25, 1991). Bousley then brought this habeas corpus action

-2-

pursuant to 28 U.S.C. § 2255.  Bousley claims:  (1) that his plea of guilty to the section 924(c) firearms charge is not supported by an adequate factual basis; and (2) that section 924(c) is unconstitutionally vague. The district court dismissed the petition and Bousley appeals.  After Bousley filed his appeal, the United States Supreme Court clarified the scope of section 924(c) in <u>Bailey v. United States</u>, 116 S. Ct. 501 (1995). Bousley then supplemented his brief, arguing that <u>Bailey</u> requires us to set aside his guilty plea.

## II.  DISCUSSION

We review the district court's dismissal of Bousley's section 2255 petition de novo.  <u>Holloway v. United States</u>,  960 F.2d 1348, 1351 (8th Cir. 1992).  In the proceedings below, the government argued that Bousley waived his right to challenge his conviction in a collateral action because he failed to preserve this issue in his prior appeal.  While the district court considered the merits of Bousley's claims in dismissing the petition, we find the waiver issue dispositive.

### A.    Waiver

A petitioner who fails to raise an issue on direct appeal is thereafter barred from raising that issue for the first time in a section 2255 habeas corpus proceeding.  <u>Reid v. United States</u>, 976 F.2d 446, 447 (8th Cir. 1992), <u>cert. denied</u>, 507 U.S. 945 (1993) (citing <u>United States v. Frady</u>, 456 U.S. 152, 165 (1982)).  Such a waiver applies to convictions pursuant to plea agreements as well as to those rendered after trial.  <u>See</u> <u>id.</u> at 448 (defendant convicted of section 924(c) violation after nolo contendere plea pursuant to a plea agreement is barred from challenging conviction in section 2255 action).  A petitioner is excused from a procedural default only if he can show both (1) a cause that excuses the

default, and (2) actual prejudice from the errors that are asserted.  <u>Id.</u>

In his prior appeal, Bousley challenged only the propriety of the sentence imposed for his possession of methamphetamine.  <u>Bousley</u>, No. 90-5598, slip op. at 1.  Bousley did not appeal the adequacy of the factual basis of his guilty plea, nor did he argue that section 924(c) is unconstitutionally vague.  Absent a showing of cause and prejudice, Bousley may not now bring these claims through collateral attack.

Bousley argues that he is not barred from collaterally challenging his conviction, despite his default, because of the Supreme Court's ruling in <u>Bailey</u>.  In <u>Bailey</u>, the Court held that "use" of a firearm under section 924(c) requires a showing of "active employment" of the firearm, a more stringent standard than this Circuit had previously applied. <u>Bailey</u>, 116 U.S. at 505.  Bousley argues that because neither he nor his counsel could have foreseen the decision in <u>Bailey</u>, he has not waived a challenge to his conviction.

We disagree.  This court recently held in <u>United States v. McKinney</u>, 79 F.3d 105, 109 (8th Cir. 1996), that <u>Bailey</u> does not resurrect a challenge to a section 924(c) conviction that has been procedurally defaulted.[2]  The defendant in <u>McKinney</u> had been

_____

[2]In urging that "<u>Bailey</u> should be held retroactively applicable to [his section] 2255 motion," Bousley claims that <u>McKinney</u> "is alone in denying relief under <u>Bailey</u> to appellants with pending cases . . . and would set this court alone against all other courts that have addressed the issue." Supplemental Brief of Appellant at 3, 5.  As an initial matter, a panel of this court is not free to disregard another panel decision. <u>Smith v. Copeland</u>, 87 F.3d 265, 269 (8th Cir. 1996).  Even were we able to do so, Bousley's assertion is groundless.  The retroactive effect of <u>Bailey</u> is a distinct issue from whether a defendant has waived the right to collateral review by failing to preserve an issue on appeal.  This court has not hesitated to remand section 924(c) convictions for reconsideration in light of <u>Bailey</u> when the defendant preserved the
issue by properly challenging the conviction on direct appeal. <u>See</u>, <u>e.g.</u>, <u>United States v. Webster</u>, 84 F.3d 1056, 1066-68 (8th

-4-

convicted after trial, rather than, as here, upon a guilty plea.  <u>Id.</u> at 107.  However, Bousley's plea cannot excuse his procedural default. Indeed, a defendant who enters a guilty plea with no conditions as to guilt "waives all challenges to the prosecution of his or her case except for those related to jurisdiction." <u>United States v. Jennings</u>, 12 F.3d 836, 839 (8th Cir. 1994) (citing <u>Smith v. United States</u>, 876 F.2d 655, 657 (8th Cir.), <u>cert. denied</u>, 493 U.S. 869 (1989)).  Collateral review of a guilty plea is therefore "ordinarily confined to whether the underlying plea was both counseled and voluntary." <u>United States v. Broce</u>, 488 U.S. 563, 569 (1989).

As this case illustrates, a plea agreement is a process of negotiation and concession.  Bousley pleaded guilty, but was afforded by stipulation in the plea agreement the opportunity to contest the amount of methamphetamine for which he would be held accountable.  This concession allowed the district court to determine that it would not consider for sentencing purposes five pounds of the drugs found in Bousley's garage. We will not allow this process to be undone years after the fact, nor does Bousley cite any authority that compels us to upset the finality of such a plea agreement.[3]  We are therefore convinced that procedural

Cir. 1996).

[3]Bousley argues that <u>Davis v. United States</u>, 417 U.S. 333 (1974), compels us to reopen his plea.  As counsel conceded at oral argument, however, <u>Davis</u> involved a conviction after a trial and a direct appeal in which the petitioner presented the same issue raised later in his section 2255 action.  This is a far cry from a collateral attack of a conviction resulting from a plea agreement.

default and waiver apply to those convictions that follow a guilty plea no less than to those that follow a trial.[4]

As the district court noted, the record shows that Bousley acknowledged ownership of at least some of the methamphetamine and firearms found in his garage and bedroom and admitted selling drugs from his garage. Before accepting Bousley's plea, the sentencing court meticulously advised Bousley of his rights to counsel and to a jury trial, explained that he would be subject to mandatory minimum sentences, and inquired whether Bousley had been threatened or pressured to plead guilty. The court also advised Bousley that a guilty plea would foreclose an appeal of his conviction, and Bousley indicated that he understood this. Bousley was fully advised of his rights and understood that he was waiving those rights by pleading guilty. Because there is no indication that Bousley's plea was involuntary or uninformed, he has waived the right to collateral review of his conviction unless he can show cause for his procedural default and resulting prejudice. Ford v. United States, 983 F.2d 897, 898 (8th Cir. 1993).

B.  Cause and Prejudice

Bousley's only argument to excuse his default is that he received ineffective assistance of counsel during his plea and sentencing. See United States v. Ward, 55 F.3d 412, 413 (8th Cir. 1995) (citing Frady, 456 U.S. at 167-68) (ineffective assistance of counsel may constitute "cause" to excuse procedural default in a section 2255 action). Specifically, Bousley claims that his counsel failed to pursue a viable defense, was "prosecutorial" in examining him during his sentencing, refused to research existing

---

[4]We acknowledge that the Tenth Circuit in United States v. Barnhardt, 93 F.3d 706 (10th Cir. 1996) permitted a collateral attack on a section 924(c) conviction following a guilty plea. For the reasons discussed in the text, however, we decline to follow our sister circuit on this point.

law, and refused to honor Bousley's request to appeal his conviction under section 924(c).

We have carefully examined the record and find Bousley's arguments to be without merit. To be constitutionally deficient, counsel's performance must fall "below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688 (1984). In examining whether an attorney failed to meet this standard, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

Other than the generalized assertions noted above, Bousley points to no instances in which counsel failed to adequately represent him, much less that his counsel's actions fell below the constitutional minimum Strickland requires. Bousley's counsel did recommend that Bousley not pursue an appeal of his section 924(c) conviction, but that recommendation was not unreasonable given counsel's understanding of this court's interpretation of section 924(c) before Bailey. In any event, counsel fully explained his reasons for declining to appeal the conviction to Bousley, and advised Bousley that he should seek other counsel if he was determined to press that issue on appeal. These actions do not rise to a constitutionally deficient level of unreasonableness.

Because Bousley has not shown that his counsel's representation fell below an objective standard of reasonableness, he has failed to establish that he received ineffective assistance from counsel. We therefore find no cause for Bousley's procedural default, and need not examine the "prejudice" element of Bousley's claim. Bousley has waived his right to collateral review of his section 924(c) conviction by pleading guilty and by failing to challenge the conviction on direct appeal.

**III. CONCLUSION**

For the foregoing reasons, we affirm the district court's dismissal of Bousley's petition.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.