No. 96-1333

United States of America,  *
                           *
              Appellee,    *
                           *  Appeal from the United States
       v.                  *  District Court for the
                           *  Northern District of Iowa.
Monte Allen Apfel,         *
                           *
              Appellant.   *

Submitted:  September 10, 1996

Filed:  October 7, 1996

Before FAGG, HEANEY, and MURPHY, Circuit Judges.

HEANEY, Circuit Judge.

     Appellant, Monte Allen Apfel, appeals the district court's denial of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  We affirm.

I.

     On April 20, 1990, pursuant to a plea agreement, Apfel pleaded guilty to a single count of conspiracy to distribute and possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846.  After conducting an extensive evidentiary hearing to resolve disputed sentencing issues, the district court sentenced Apfel to 175 months imprisonment.  We affirmed Apfel's sentence on direct appeal.  United States v. Apfel, 945 F.2d 236 (8th Cir. 1991).

On June 22, 1995, Apfel filed the instant motion under 28 U.S.C. § 2255 to set aside, vacate, or correct his sentence. He contends that his trial counsel was ineffective for failing to object to the implicit assumption at sentencing that Apfel's offense involved d-methamphetamine (Dextro-methamphetamine) rather than l-methamphetamine (Levo-methamphetamine), a substance that carried far less severe exposure under the sentencing guidelines as of the time of Apfel's crime.[1] The difference between d- and l-methamphetamine was expressed in the Drug Equivalency Tables by a factor of 250 to 1 to reflect that l-methamphetamine is "grossly different" because it "produces little or no physiological effect when ingested." See United States v. Bogusz, 43 F.3d 82, 89 (3d Cir. 1994), cert. denied, 115 S. Ct. 1812 (1995).[2]

On November 22, 1995, the district court directed Apfel to supplement his motion with additional materials to support his allegation that the type of methamphetamine involved in his case was l-methamphetamine. Apfel responded by filing his sworn affidavit asserting his opinion that the drugs involved in his case

---

[1]Apfel also contends that his appellate counsel was ineffective for failing to raise the issue on direct appeal.

[2]As of November 1, 1995, the distinction between methamphetamine types has been eliminated and l-methamphetamine is treated the same as d-methamphetamine under the sentencing guidelines. Guidelines amendment number 518 explains that the change was made because "l-methamphetamine is rarely seen and is not made intentionally, but rather results from a botched attempt to produce d-methamphetamine." U.S.S.G. App. C. at 423. The rule applicable to Apfel, however, is the one in effect at the time the crime was committed; application of the amended guideline to pre-amendment conduct involving l-methamphetamine would violate the Ex Post Facto Clause of the Constitution because the amendment increased the penalty for crimes involving l-methamphetamine. See United States v. McMullen, 86 F.3d 135, 138 (8th Cir. 1996); see also U.S.S.G. § 1B1.11(b)(1).

2

were l-type methamphetamine.[3]  The district court then denied Apfel's motion, finding that his affidavit contained only "bare, unsupported and self-serving statements" and concluding that Apfel had "failed to show that if his attorney at sentencing had raised the issue of the type of methamphetamine . . . it would have made any difference in the sentence imposed."  (Appellant's Add. at 20-22 (Order dated Jan. 12, 1996)).  Apfel appeals.

## II.

Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice.  See Poor Thunder v. United States, 810 F.2d 817, 821 (8th Cir. 1987).  A movant may not raise constitutional issues for the first time on collateral review without establishing both

---

[3]The entire factual basis for Apfel's assertion is contained in the following three paragraphs of his affidavit:

2.  I have studied, read, and researched at length the characteristics and [e]ffects of both L-Type and D-Type methamphetamine, including studying research  from the Journal of Forensic Sciences, Federal Criminal Law Publication, and other law publications.

. . .

4.  From my experience in being around, using, and researching methamphetamine, it is my opinion that the drug involved in my case was in fact the L-type or very low grade methamphetamine.

5.  The methamphetamine that I used had more of a caffeine [e]ffect on me and exhibited other characteristics of being the L-Type, as [o]pposed to the long term [e]ffects, such as hallucinations, paranoia, etc., that D-Type would cause.

(Appellant's Add. at 8-9 (Affidavit of Defendant)).

cause for the procedural default and actual prejudice resulting from the error.

United States v. Frady, 456 U.S. 152, 167-68 (1982); Auman v. United States, 67 F.3d 157, 161 (8th Cir. 1995).  Absent unusual circumstances, a showing of ineffective assistance of counsel satisfies both cause and prejudice.  To establish ineffective assistance of counsel within the context of section 2255, however, a movant faces a heavy burden:

> A claim of ineffective assistance of counsel [under § 2255] must be scrutinized under the two-part test of Strickland v. Washington, 466 U.S. 668 (1984).  Under Strickland, in order to prevail on a claim of ineffective assistance of counsel, a convicted defendant must prove both that his counsel's representation was deficient and that the deficient performance prejudiced the defendant's case.  The first part of the test is met when the defendant shows that counsel "failed to exercise the customary skills and diligence that a reasonably competent attorney would [have] exhibit[ed] under similar circumstances."  The second part is met when the defendant shows that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

Cheek v. United States, 858 F.2d 1330, 1336 (8th Cir. 1988) (citations omitted).  Because the failure to establish prejudice can be dispositive of a case, Sanders v. Trickey, 875 F.2d 205, 211 n.8 (8th Cir.), cert. denied, 493 U.S. 898 (1989), we need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice.  Montanye v. United States, 77 F.3d 226, 230 (8th Cir. 1996), petition for cert. filed (U.S. Sept. 3, 1996) (No. 96-5795); see Strickland v. Washington, 466 U.S. 668, 697 (1984) ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.")

Apfel has not established a reasonable probability that the result of his sentencing would have been different had his counsel objected to the government's failure to prove the type of

5

methamphetamine involved in his offense.[4]  Put another way, he has not shown a reasonable probability that the government would not have been able to prove by a preponderance of evidence that the offense involved d-methamphetamine.  The sole basis for Apfel's claim that his case involved l-methamphetamine is his own sworn statement that the drugs he used had a caffeine-like effect on him with no long-term effects.  We agree with the district court that Apfel's statements are unsupported and self-serving and do not establish a basis for relief.  Accord United States v. Acklen, 47 F.3d 739, 744 (5th Cir. 1995) (remanding on similar facts to give defendant opportunity to tender "specific verified basis or evidence, beyond [defendant's] mere naked assertion or belief, that the drug was in fact l-methamphetamine").  In contrast, the extensive record from Apfel's guilty plea and two-day sentencing hearing eliminate doubt that the government would have been able to demonstrate that the drugs involved in Apfel's offense were d-methamphetamine.  The evidence showed that Apfel was a drug dealer who obtained drugs from Charles Murphy, one of the largest methamphetamine dealers in Waterloo, Iowa.  The government witnesses included several long-time methamphetamine users who testified that they had purchased drugs from Apfel.  Murphy's confidante and former bookkeeper, who was intimately familiar with Murphy's drug supply operation, also testified about a large drug debt Apfel owed her former employer.  The only arguable support in the record for the claim that the drugs involved were low grade l-methamphetamine is the testimony of one of Apfel's customers that on one occasion he purchased methamphetamine from Apfel that was

---

[4]Although our resolution of this case does not require us to decide whether the performance of Apfel's counsel was deficient, we note that counsel should have been alerted by the guidelines to the potentially significant impact that the different types of methamphetamine can have on sentencing.  Moreover, well before Apfel's sentencing, this court held that the court must make a factual determination as to the type of methamphetamine involved prior to imposing a sentence.  United States v. Koonce, 884 F.2d 349, 352 (8th Cir. 1989).

"garbage" and impossible to resell. (Sentencing Tr. at 134-35.) This testimony, however, does more to demonstrate that Apfel's customary drug supply was normal-grade d-methamphetamine than to support Apfel's contrary assertion.

Apfel has not met his heavy burden of showing a reasonable probability that his sentence would have been different if his counsel had required the government to prove that the offense involved d-methamphetamine. Therefore, he cannot demonstrate ineffective assistance of counsel for not raising the issue at sentencing. We affirm the district court's denial of relief under 28 U.S.C. § 2255.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.