Scott F. Tilsen, Minneapolis, MN, for Petitioner.

David L. Lillehaug, United States Attorney by Lizabeth A. McKibben, for U.S.

**UNITED STATES of America, Respondent,**

v.

**Bluett Reginald CAMERON, Petitioner.**

**Nos. 3–95 CIV 962, 3–92 CR 44.**

United States District Court, D. Minnesota, Third Division.

Dec. 6, 1996.

## *ORDER*

ALSOP, Senior District Judge.

This matter comes before the Court upon the Government's October 15, 1996 motion for reconsideration of the Court's June 20, 1996 and October 10, 1996 orders excusing Cameron's "procedural default" and vacating his guilty plea to Count VI of the indictment. The Government argues that the decision of the Eighth Circuit Court of Appeals in *Bousley v. Brooks,* 97 F.3d 284 (8th Cir.1996), precludes vacating Cameron's plea.

## *BACKGROUND*

Cameron was arrested March 10, 1992 and indicted May 13, 1992 on six counts of distri-

bution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and one count of unlawful use of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). On July 30, 1992, pursuant to the terms of a plea agreement, Cameron pled guilty to Counts V, distribution of cocaine base, and Count VI, unlawful use of a firearm in relation to a drug trafficking crime. The Court sentenced Cameron to 121 months imprisonment on Count V and 60 months imprisonment on Count VI, to be served consecutively. Cameron was represented by counsel throughout all proceedings and did not file a direct appeal.

On October 18, 1995, Cameron filed a motion pursuant to 28 U.S.C. § 2255. Cameron argued that as a result of the Supreme Court's decision in *Bailey v. United States,* — U.S. —, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), there was no factual basis for his guilty plea on the § 924(c) charge. Cameron claimed *Bailey* applied retroactively, and that he had established "cause and prejudice" to excuse his failure to challenge his § 924(c) conviction on direct appeal. Accordingly, Cameron requested that the Court vacate his guilty plea to Count VI, the § 924(c) charge. The Government argued Cameron was not prejudiced because he had in fact used or carried a firearm during and in relation to a drug trafficking crime.

In an order issued June 20, 1996, the Court held, based in part on opinions from other Circuits, that the rule of *Bailey* was to be applied retroactively.[1] The Court also found that Cameron had demonstrated cause and prejudice for his failure to raise the *Bailey* argument on direct appeal. The Court ruled that an evidentiary hearing was necessary to determine whether there was sufficient evidence to support Cameron's guilty plea to Count VI.

On October 10, 1996, following an evidentiary hearing, the Court issued an order vacating Cameron's guilty plea to Count VI. The Court concluded that Cameron's guilty plea to Count VI was unsupported by the facts. Shortly thereafter, the Government filed a motion to reconsider the October 10, 1996 order based upon the recently issued Eighth Circuit decision, *Bousley v. Brooks,* 97 F.3d 284 (8th Cir.1996). Because the Court determined the *Bousley* decision raised issues the Court should address, on October 22, 1996, the Court ordered the parties to submit briefs regarding the application of the *Bousley* decision to the instant case. The Government argues that *Bousley* precludes vacating Cameron's sentence, and this brings the issue before the Court for a second time.

### DISCUSSION

Cameron claims his due process rights have been violated because his guilty plea to Count VI, unlawful use of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c), was unsupported by the evidence. However, a defendant who fails to raise an issue on direct appeal is generally barred from raising that issue for the first time in a habeas corpus proceeding. *See Reid v. United States,* 976 F.2d 446, 447 (8th Cir.1992), *cert. denied,* 507 U.S. 945, 113 S.Ct. 1351, 122 L.Ed.2d 732 (1993) (citations omitted). Regardless of whether the defendant plead guilty or was convicted at trial, he is considered to have waived[2] issues not raised on direct appeal. *Id.* A defendant's waiver may be excused in two circumstances: first, if he can show both cause excusing his failure to raise the claim earlier in the proceedings and actual prejudice; and second, if a fundamental miscarriage of justice would result from the court's failure to entertain the claim. *See, e.g., Sawyer v. Whitley,* 505 U.S. 333, 338, 112 S.Ct. 2514, 2518, 120 L.Ed.2d 269 (1992); *McCleskey v. Zant,* 499 U.S. 467, 495, 111 S.Ct. 1454, 1470–71, 113 L.Ed.2d 517 (1991); *United States v. Frady,* 456 U.S. 152, 167–68, 102 S.Ct. 1584, 1594–95, 71 L.Ed.2d 816 (1982).

---

1. Since the Court's June 20, 1996 order, the Eighth Circuit has also held *Bailey* applies retroactively. *See, e.g., United States v. Webster,* 84 F.3d 1056, 1066–68 (8th Cir.1996) and *Bousley v. Brooks,* 97 F.3d 284, 287 n. 2 (8th Cir.1996).

2. The Eighth Circuit appears to use the term waiver interchangeably with the term procedural default. *See, e.g., Bousley v. Brooks,* 97 F.3d. 284, 287 (8th Cir.1996).

In *Bousley*, the defendant plead guilty to a § 924(c) charge. 97 F.3d at 286. The defendant filed a direct appeal on a collateral issue, but did not challenge his § 924(c) conviction. *Id.* Following the Supreme Court's decision in *Bailey*, the defendant attempted to file a habeas petition challenging his guilty plea to the § 924(c) charge. *Id.* The Eighth Circuit stated that "a defendant who enters a guilty plea with no conditions as to guilt 'waives all challenges to the prosecution of his or her case except for those related to jurisdiction.'" *Id.* at 287 (citing *Smith v. United States*, 876 F.2d 655, 657 (8th Cir. 1989)). The Eighth Circuit recognized that the defendant's waiver of his challenge to the § 924(c) conviction could be excused if he showed cause and prejudice. *Id.* at 288. However, the Eighth Circuit determined that the defendant could not show cause for failing to bring his challenge on direct appeal because he could not show he had suffered from ineffective assistance of counsel.[3] *Id.* The Court reasoned that Bousley's counsel's failure to challenge his § 924(c) conviction on direct appeal was not unreasonable given the state of the law before the Supreme Court's decision in *Bailey*. *Id.* at 288–89.

In *Bousley*, the Eighth Circuit declined to follow the decisions of other Circuits which have allowed review of a defendant's arguments arising under the Supreme Court's decision in *Bailey*, even though the defendant failed to raise the issue on direct appeal. *Id.* at 288 n. 4. For example, the Tenth and Sixth Circuits have concluded that application of the concept of waiver or procedural default is inappropriate when intervening law has established that a defendant's actions do not constitute a crime. *See United States v. Barnhardt*, 93 F.3d 706 (10th Cir.1996) and *United States v. Farley*, 95 F.3d 1153 (6th Cir.1996). These decisions appear to be based on the theory that a waiver must be knowing and voluntary, and that defendant's

cannot be charged with anticipating the Supreme Court's *Bailey* decision. The Ninth Circuit took a different approach. In *United States v. McJoy*, 97 F.3d 1462 (9th Cir.1996), the Ninth Circuit ruled that the Cameron's "plea agreement calls into question the knowing and voluntary nature of his guilty plea, because he apparently did not understand the law concerning the firearm charge in relation to the facts." *Id.* at 1462. The Ninth Circuit did not address whether McJoy waived his right to raise the *Bailey* argument in a collateral action.

The *Bousley* decision involved facts virtually indistinguishable from this case and the Court is bound by its holdings. Although the Court must follow the Eighth Circuit's decision in *Bousley*, it cannot concur with the opinion for several reasons. The Court believes the rulings of the Sixth and Tenth Circuits have properly concluded that a defendant cannot knowingly and intentionally waive the right to challenge a pre-*Bailey* guilty plea when under clear and existing law the defendant had no knowledge he was entitled to raise such a challenge. *See, e.g., United States v. McKinney*, 79 F.3d 105, 108 (8th Cir.1996) (dissent of Circuit Judge Heaney stating "a waiver must be knowing and intentional").

In addition, the *Bousley* opinion fails to address other grounds besides ineffective assistance of counsel that may constitute cause to excuse a waiver. Cause may include circumstances beyond a claim of ineffective assistance of counsel. The Supreme Court has repeatedly stated that cause occurs when "the existence of some objective factor external to the defense impeded counsel." *See Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645–46, 91 L.Ed.2d 397 (1986). The Eighth Circuit has explicitly adopted this standard. *See Fairchild v. Lockhart*, 979 F.2d 636, 640 (8th Cir.1992).[4] "[A] showing that the factual or legal basis for a claim

---

3. The *Bousley* decision rested in part on the Eighth Circuit's prior decision in *United States v. McKinney*, 79 F.3d 105 (8th Cir.1996), which held that a defendant waived a challenge to pre-Bailey jury instructions by not raising a challenge to the instructions in his initial appeal.

4. A portion of the *Murray v. Carrier* decision, addressing the definition of "miscarriage of jus-

tice," has been abrogated by the Supreme Court's ruling in *Sawyer v. Whitley*, 505 U.S. 333, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992). *See McCoy v. Lockhart*, 969 F.2d 649, 650 (8th Cir. 1992). The *Sawyer* decision does not, however, disturb the definition of cause developed in *Murray v. Carrier* and later applied by this Circuit.

was not reasonably available to counsel … [and] made compliance impracticable, would constitute cause under this standard." *Murray v. Carrier,* 477 U.S. at 488, 106 S.Ct. at 2645. For example, cause may be shown when the claim waived was "so novel that its legal basis is not reasonably available to counsel." *Reed v. Ross,* 468 U.S. 1, 11, 104 S.Ct. 2901, 2907–08, 82 L.Ed.2d 1 (1984); *see also Dugger v. Adams,* 489 U.S. 401, 109 S.Ct. 1211, 103 L.Ed.2d 435 (1989). This is the precise issue involved in this case. Certainly a defendant cannot be expected to assert a claim he does not know exists and cannot anticipate. *See United States v. Wiley,* 922 F.Supp. 1405, 1411 (D.Minn.1996) (Magnuson, C.J.) (ruling that "where the intervening decision represents a clear break with the prior universally accepted interpretation of the law, a petitioner has cause for failing to raise the claim at trial or on direct appeal").

The policy concerns supporting waiver do not dictate another result. The cause and prejudice standard purposely strikes a reasonable balance between the need for finality and the need to protect a defendant's, and therefore all citizen's, constitutional rights. As the Supreme Court recognized in the context of a § 2254 challenge to a state law conviction:

[c]ounsel's failure to raise a claim for which there was no reasonable basis in existing law does not seriously implicate any of the concerns that might otherwise require deference to a State's procedural bar…. It is true that finality will be disserved if the federal courts reopen a state prisoner's case, even to review claims that were so novel when the cases were in state court that no one would have recognized them. This Court has never held, however, that finality, standing alone, provides a sufficient reason for federal courts to compromise their protection of constitutional rights under § 2254.

*Reed v. Ross,* 468 U.S. 1, 15, 104 S.Ct. 2901, 2910, 82 L.Ed.2d 1 (1983). The Supreme Court went on to recognize:

If novelty were never cause, counsel on appeal would be obliged to raise and argue every conceivable constitutional claim, no matter how far fetched, in order to preserve a right for post-conviction relief upon some future, unforeseen development in the law. Appellate courts are already overburdened with meritless and frivolous cases and contentions, and an effective appellate lawyer does not dilute meritorious claims with frivolous ones. Lawyers representing appellants should be encouraged to limit their contentions on appeal at least to those which may be legitimately regarded as debatable.

*Id.* at 16, 104 S.Ct. at 2910 (citing *Ross v. Reed,* 704 F.2d 705, 708 (4th Cir.1983)).

By finding defendants have waived their right to challenge their § 924(c) convictions based on the pre-*Bailey* definition of the term "use," and then ruling defendants cannot show cause excusing their waiver, the Eighth Circuit has effectively precluded defendants from challenging convictions for conduct that is not criminal. This result raises issues of due process and fundamental fairness. As Circuit Judge McMillian stated in his dissent to a recent Eighth Circuit opinion,[5] *Hohn v. United States,* 99 F.3d 892 (8th Cir.1996), "the Due Process Clause of the Fifth Amendment does not permit federal convictions for conduct that does not violate a federal statute." *Id.*

This Court's disagreement with the *Bousley* decision, however, provides little relief to Cameron. Although the Court is not persuaded by Eighth Circuit's reasoning in *Bousley,* this Court is bound to follow the decisions of the Circuit in which it is located. As a result, the Court is compelled to vacate its orders of June 20, 1996 and October 10, 1996, and deny Cameron's motion to vacate under 28 U.S.C. § 2255.

---

**5.** In *Hohn v. United States,* the Petitioner sought a certificate of appealability after unsuccessfully moving the district court to set aside his sentence under 28 U.S.C. § 2255. The petitioner claimed that the jury instructions used at his trial did not conform to the principles outlined in *Bailey.* The Eighth Circuit held that a certificate of appealability could not issue because the petitioner only asserted a claim to a federal statutory right, as opposed to a constitutional claim. Judge McMillian argued that Hohn had asserted a constitutional due process claim, not merely a statutory claim.

Accordingly, upon the files, motions, and proceedings herein,

**IT IS HEREBY ORDERED** That the Government's motion for reconsideration of the Court's October 10, 1996 order is GRANTED and the Court's orders dated June 20, 1996 and October 10, 1996 are VACATED.

**IT IS FURTHER ORDERED** That Cameron's motion to vacate under 28 U.S.C. § 2255 is DENIED.