_____

No. 96-3041
_____

Larry Wayne Mantooth,                    *
                                         *
             Appellant,                  *
                                         *   Appeal from the United States
      v.                                 *   District Court for the
                                         *   Western District of Arkansas.
United States of America,                *
                                         *        [UNPUBLISHED]
             Appellee.                   *


_____

                Submitted:  December 30, 1996

                    Filed:  January 10, 1997
_____

Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.

_____

PER CURIAM.


     Larry Wayne Mantooth pleaded guilty to carrying a firearm during and
in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1), and
possessing methamphetamine with intent to distribute, 21 U.S.C.
§ 841(a)(1).  The section 924(c) conviction was based on a semi-automatic
pistol found in the pocket of the driver's door of Mantooth's vehicle;
drugs were found in the vehicle and on his person.  Mantooth did not
appeal, but later filed a 28 U.S.C. § 2255 motion.  He claimed, inter alia,
that his section 924(c) conviction was invalid under Bailey v. United
States, 116 S. Ct. 501 (1995), and that his trial counsel was ineffective
for encouraging him to plead guilty to the charge.  The district court
denied relief, and Mantooth appeals.

Upon a de novo review of the record, we conclude Mantooth is not entitled to relief.  See United States v. Duke, 50 F.3d 571, 576 (8th Cir.) (standard of review), cert. denied, 116 S. Ct. 224 (1995).  Mantooth waived his Bailey claim by pleading guilty and not appealing.  See Bousley v. Brooks, 97 F.3d 284, 287 (8th Cir. 1996).  Moreover, his claim is without merit because he clearly carried a firearm in relation to a drug offense.  See United States v. Barry, 98 F.3d 373, 377 (8th Cir. 1996) (transportation of gun in glove compartment satisfies "carry" prong); United States v. Willis, 89 F.3d 1371, 1378-79 (8th Cir.) ("carry" includes transporting gun in passenger compartment of car loaded with drugs; Bailey left "carry" prong intact, and United States v. Freisinger, 937 F.2d 383 (8th Cir. 1991), remains binding precedent on this court), cert. denied, 117 S. Ct. 273 (1996).  Mantooth's ineffective-assistance claim is therefore also without merit.  See United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (no need to address counsel's behavior when movant cannot show prejudice).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-