105 F.3d 662
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Larry Wayne MANTOOTH, Appellant,
v.
United States of America, Appellee.
 No. 96-3041.
 United States Court of Appeals, Eighth Circuit.
 Jan. 10, 1997.
 
 Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Larry Wayne Mantooth pleaded guilty to carrying a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1), and possessing methamphetamine with intent to distribute, 21 U.S.C. § 841(a)(1). The section 924(c) conviction was based on a semi-automatic pistol found in the pocket of the driver's door of Mantooth's vehicle; drugs were found in the vehicle and on his person. Mantooth did not appeal, but later filed a 28 U.S.C. § 2255 motion. He claimed, inter alia, that his section 924(c) conviction was invalid under Bailey v. United States, 116 S.Ct. 501 (1995), and that his trial counsel was ineffective for encouraging him to plead guilty to the charge. The district court denied relief, and Mantooth appeals.
 
 
 2
 Upon a de novo review of the record, we conclude Mantooth is not entitled to relief. See United States v. Duke, 50 F.3d 571, 576 (8th Cir.) (standard of review), cert. denied, 116 S.Ct. 224 (1995). Mantooth waived his Bailey claim by pleading guilty and not appealing. See Bousley v. Brooks, 97 F.3d 284, 287 (8th Cir.1996). Moreover, his claim is without merit because he clearly carried a firearm in relation to a drug offense. See United States v. Barry, 98 F.3d 373, 377 (8th Cir.1996) (transportation of gun in glove compartment satisfies "carry" prong); United States v. Willis, 89 F.3d 1371, 1378-79 (8th Cir.) ("carry" includes transporting gun in passenger compartment of car loaded with drugs; Bailey left "carry" prong intact, and United States v. Freisinger, 937 F.2d 383 (8th Cir.1991), remains binding precedent on this court), cert. denied, 117 S.Ct. 273 (1996). Mantooth's ineffective-assistance claim is therefore also without merit. See United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir.1996) (no need to address counsel's behavior when movant cannot show prejudice).
 
 
 3
 Accordingly, we affirm.