# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-3668

_____

| | | |
|---|---|---|
| David Andy Bridwell, | * | |
| | * | |
| Petitioner - Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri |
| | * | |
| United States of America, | * | [UNPUBLISHED] |
| | * | |
| Respondent - Appellant. | * | |

_____

Submitted: May 11, 1999
Filed: May 18, 1999

_____

Before WOLLMAN, Chief Judge, BEAM and MURPHY, Circuit Judges.

_____

PER CURIAM.

David Andy Bridwell pled guilty to the use of firearms during and in relation to a drug offense in violation of 18 U.S.C.§ 924(c) and to conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Bridwell later petitioned under 28 U.S.C. § 2255 to have his 924(c) conviction vacated and set aside based on <u>Bailey v. United States</u>, 516 U.S. 137 (1995). The district court denied relief because of the current circuit law. <u>See</u> <u>Bousley v. Brooks</u>, 97 F.3d 284 (8th Cir. 1996). Bridwell appealed, and the Supreme Court subsequently reversed <u>Bousley</u>. <u>See</u> <u>Bousley v. United States</u>, 523 U.S. 614, 118 S. Ct. 1604 (1998). Bridwell's case subsequently returned to the district court which vacated Bridwell's firearm conviction

sua sponte.  The government moved for reconsideration, and the district court denied it without a hearing.

Under <u>Bousley</u> the government was entitled to have the opportunity to present further evidence.  <u>See</u> 118 S. Ct. at 1612 ("on remand, the Government should be permitted to present any admissible evidence of petitioner's guilt even if that evidence was not presented during petitioner's plea colloquy and would not normally have been offered before our decision in <u>Bailey</u>").  Accordingly, the judgment of the district court is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.