# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1296

_____

| | | |
|---|---|---|
| Samuel Kenneth Willis, <br> also known as Sharif Willis, <br><br> Appellant, <br><br> v. <br><br> United States of America, <br><br> Appellee. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | <br><br><br><br> Appeal from the United States <br> District Court for the <br> District of Minnesota. <br><br> [UNPUBLISHED] |

_____

Submitted:  October 21, 1999

Filed:  January 13, 2000

_____

Before BEAM, LAY, and JOHN R. GIBSON, Circuit Judges.

_____

PER CURIAM.

Samuel Kenneth Willis appeals the district court's[1] denial of his 28 U.S.C. §
2255 motion.  We granted a certificate of appealability on the issue of whether Willis
was denied effective assistance of trial counsel in violation of the Sixth Amendment on

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District
of Minnesota.

the basis of counsel's failure: (1) to object to hearsay testimony; and (2) to challenge the government's failure to call the juvenile hearsay declarant to testify.[2]

We review de novo the district court's denial of Willis's section 2255 motion. See United States v. Craycraft, 167 F.3d 451, 454 (8th Cir. 1999). To establish ineffective assistance of counsel, Willis must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984). We find that Willis's first ineffective assistance claim regarding counsel's failure to object to the admission of hearsay testimony was not raised in his section 2255 motion to the district court and is therefore procedurally defaulted. See Ford v. United States, 983 F.2d 897, 899 (8th Cir. 1993). Even assuming the claim is properly before us, we conclude, after a careful review of the parties' briefs and the record on appeal, that Willis cannot prevail under Strickland as to either of his ineffective assistance claims. Because an extensive discussion of Willis's claims would serve no useful precedential purpose, we affirm the district court's denial of the section 2255 motion without further discussion. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]In a supplemental pro se brief, Willis also advances the argument that his counsel was ineffective for failing to cross-examine a witness. This argument is outside the scope of the certificate of appealability and we do not consider it. See Richardson v. Bowersox, 188 F.3d 973, 982 (8th Cir. 1999).