# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1550

_____

|  |  |  |
|---|---|---|
| Lawrence Fay LaRoche, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| United States of America, | * | |
| | * | [UNPUBLISHED] |
| Appellee. | * | |

_____

Submitted: March 29, 2000
Filed: April 5, 2000

_____

Before LOKEN, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Lawrence Fay LaRoche appeals the district court's[1] denial of his 28 U.S.C. § 2255 motion alleging ineffective assistance of trial counsel. For the reasons discussed below, we affirm.

LaRoche pleaded guilty to aggravated sexual abuse of a child under the age of twelve, in violation of 18 U.S.C. §§ 1153 and 2241(c). The presentence report (PSR)

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

recommended that LaRoche receive a four-level enhancement under U.S. Sentencing Guidelines Manual § 2A3.1(b)(1) (1994) because he had used force or threats to commit the offense. LaRoche's counsel objected to the enhancement and to paragraphs four and five of the PSR, which set forth facts in support of the enhancement. At sentencing, LaRoche's counsel and counsel for the government declined the district court's invitation to present evidence, and the court overruled the objections and sentenced LaRoche to 235 months imprisonment and five years supervised release. On appeal, we affirmed the application of the enhancement on the basis that it was supported by the unobjected-to facts set forth in paragraphs six, seven, and ten of the PSR. See United States v. LaRoche, 83 F.3d 958, 959 (8th Cir. 1996) (per curiam).

LaRoche subsequently filed an amended section 2255 motion in the district court, alleging that his trial counsel had performed deficiently by failing to object to those paragraphs, and that he would not have received the enhancement but for counsel's failure to object, because the government had agreed not to present any evidence as to use of force. The court denied his motion without an evidentiary hearing, concluding that he had failed to demonstrate prejudice resulting from his counsel's deficient performance. LaRoche appeals.

We conclude that, had LaRoche's trial counsel objected to the facts set forth in paragraphs six, seven, and ten of the PSR, the plea agreement would have allowed the government to present rebuttal evidence regarding use of force. In the agreement, the government "reserve[d] the right to rebut or clarify matters raised by the defendant in mitigation of his sentence, if [it] deem[ed] same to be misleading." It appears that the government would have been able to supply the district court with reports containing the victim's statements, testimony by the individuals who had prepared those reports, or testimony by the probation officer who summarized those reports in the PSR, and that the district court could have properly relied on this evidence. See U.S. Sentencing Guidelines Manual § 6A1.3(a), p.s. (1994); United States v. Drapeau, 121 F.3d 344, 351 (8th Cir. 1997) (district court may consider hearsay at sentencing without regard

to its admissibility under rules of evidence, so long as it has sufficient indicia of reliability).  Thus, LaRoche has failed to show prejudice resulting from his trial counsel's allegedly deficient performance.  See United States v. Apfel, 97 F.3d 1074, 1077 (8th Cir. 1996) (rejecting ineffective-assistance claim for lack of prejudice where defendant alleged his trial counsel failed to object to fact which resulted in enhanced sentence, because defendant did not show reasonable probability that government would have been unable to prove fact, had it been disputed).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.