# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3785

_____

| | | |
|---|---|---|
| Antonio Brown, | * | |
| | * | |
| Petititioner-Appellant, | * | |
| | * | On Appeal from the |
| v. | * | United States District Court |
| | * | for the District of |
| | * | Nebraska. |
| United States of America, | * | |
| | * | [UNPUBLISHED] |
| Respondent-Appellee. | * | |

_____

Submitted: July 16, 2002

Filed: July 30, 2002

_____

Before  WOLLMAN, RICHARD S. ARNOLD, and FAGG, Circuit Judges.

_____

PER CURIAM.

Antonio Brown appeals the District Court's[1] denial of his petition for post-conviction relief under 28 U.S.C. § 2255.  In 1998, Mr. Brown was convicted of

_____

[1] The Hon. Warren K. Urbom, United States District Judge for the District of Nebraska.

conspiracy to distribute cocaine base and sentenced to thirty years of imprisonment pursuant to the United States Sentencing Guidelines.

On appeal, he argues that this sentence should be reversed because the jury did not decide the quantity of drugs involved in the conspiracy, a fact that produced a longer sentence. See Apprendi v. New Jersey, 530 U.S. 466 (2000) (holding that any fact other than a prior conviction that results in a sentence longer than the statutory maximum, must be proved beyond a reasonable doubt to a jury.)

This Court's decision in United States v. Moss, 252 F.3d 993 (8th Cir. 2001), cert. denied, 122 S. Ct. 848 (2002), forecloses Mr. Brown's arguments. There, the Court held that a defendant may not raise an Apprendi claim for the first time on collateral review. Id. at 995. In addition, because Mr. Brown did not argue at trial that the jury must find the quantity of drugs involved in the conspiracy, he is procedurally barred from raising that argument in a post-conviction motion. Mr. Brown acknowledges the holding of Moss, but argues that the decision should be overruled. We are not at liberty to do so. See United States v. Prior, 107 F.3d 654, 660 (8th Cir.), cert. denied, 522 U.S. 824 (1997).

Mr. Brown's second argument is that he was denied his right to effective counsel at trial because his attorney failed to object to the testimony of two witnesses. Mr. Brown contends the statements of declarants that the witnesses repeated on the stand were hearsay, and that his counsel should have invoked the procedures for evaluating the admissibility of such statements outlined in United States v. Bell, 573 F.2d 1040 (8th Cir. 1978). To demonstrate that his counsel was ineffective in this situation, Mr. Brown must show that there is a reasonable probability that if a Bell objection had been made, it would have been sustained, and the result of the proceeding would have been different. United States v. Apfel, 97 F.3d 1074 (8th Cir. 1996).

He cannot meet these requirements. The District Court analyzed the testimony of the witnesses carefully, and we see no error. As required by <u>Bell</u>, a preponderance of the evidence showed that the out-of-court statements were made by co-conspirators in furtherance of the conspiracy. 573 F.2d at 1044. Because these statements were admissible, Mr. Brown cannot show trial counsel's failure to invoke <u>Bell</u> caused him prejudice.

The decision of the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.