**United States Court of Appeals**

**FOR THE EIGHTH CIRCUIT**

_____

No. 96-3103

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Peter Nelson, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: January 15, 1997

Filed: April 2, 1997

_____

Before BOWMAN and MURPHY, Circuit Judges, and JONES,[1] District Judge.

_____

BOWMAN, Circuit Judge.

The United States appeals from the District Court's order granting Peter Nelson's motion under 28 U.S.C. § 2255 (1994) to vacate his conviction and sentence.  We reverse and remand.

In 1992, Nelson pleaded guilty to possessing marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (1988), and using and carrying a firearm during and in relation to a drug

_____

[1]The Honorable John B. Jones, United States District Judge for the District of South Dakota, sitting by designation.

-1-

trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Supp. III 1991). He was sentenced to a total of sixty-four months' imprisonment, four months on the marijuana count and sixty months on the firearms count, plus three years' supervised release. He did not appeal.

Following the Supreme Court's decision in <u>Bailey v. United States</u>, 116 S. Ct. 501 (1995), Nelson filed a motion under § 2255 to vacate his conviction and sentence on the firearms count. The government resisted the motion, conceding that Nelson did not "use" a firearm but arguing that he did "carry" several firearms. The District Court concluded otherwise, granted Nelson's motion, and vacated the § 924(c) conviction and sentence. The court resentenced Nelson to twelve months' imprisonment on the marijuana count but ordered him released to supervision because he had already spent nearly three years in prison.

We have jurisdiction over the government's appeal. <u>See</u> 28 U.S.C.A. § 2255 para. 4 (West 1994 & Supp. 1997). Because this appeal involves only questions of law, our review is de novo. <u>See</u> <u>United States v. Duke</u>, 50 F.3d 571, 576 (8th Cir.), <u>cert. denied</u>, 116 S. Ct. 224 (1995).

Before turning to the merits of the <u>Bailey</u> issue, we note several issues that are not before us. The government has not suggested that recent amendments to § 2255, including a one-year period of limitation, apply to this case. <u>See</u> 28 U.S.C.A. § 2255 para. 6 (West Supp. 1997). Accordingly, we need not determine how the amendments affect § 2255 motions filed before the amendments took effect. <u>See</u> <u>Preston v. Delo</u>, 100 F.3d 596, 599 n.4 (8th Cir. 1996) (recognizing no need to determine retroactivity of amendments to 28 U.S.C. § 2254).

Another issue that the government has raised is not properly before us in this case. In its reply brief, the government argues that our opinion in Bousley v. Brooks, 97 F.3d 284 (8th Cir. 1996), establishes that Nelson defaulted his Bailey argument by failing to raise it on direct appeal.[2] The government acknowledges, however, that it did not present this default argument to the District Court, and the government did not raise it in its opening brief in this Court. We decline to reverse the District Court on the basis of an argument not presented to it and not properly raised here. See Ryder v. Morris, 752 F.2d 327, 332 (8th Cir.) (recognizing that issues not raised in district court on habeas should not be considered on appeal, absent manifest injustice), cert. denied, 471 U.S. 1126 (1985); Schleeper v. Groose, 36 F.3d 735, 737 (8th Cir. 1994) (noting that court of appeals has discretion to avoid deciding issues first raised in reply brief).

We turn to the merits of Nelson's Bailey claim. The relevant question here is whether there was an adequate factual basis for Nelson's guilty plea. See Fed. R. Crim. P. 11(f). We have defined a factual basis as "'sufficient evidence at the time of the plea upon which a court may reasonably determine that the defendant likely committed the offense.'" White v. United States, 858 F.2d 416, 423 (8th Cir. 1988) (citation omitted), cert. denied, 489 U.S.

---

[2]We believe the government actually understates the significance of Bousley. A defendant who pleads guilty to a violation of § 924(c) and then fails to raise the "use" issue on direct appeal is doubly barred from raising that issue in a § 2255 motion. A conviction on a guilty plea ordinarily forecloses all issues on collateral attack except "whether the underlying plea was both counseled and voluntary." United States v. Broce, 488 U.S. 563, 569 (1989); see also Bousley, 97 F.3d at 287-88. The failure to appeal the issue is also a procedural default that bars collateral relief, absent cause and prejudice. See Reid v. United States, 976 F.2d 446, 447-48 (8th Cir. 1992) (citing United States v. Frady, 456 U.S. 152, 168 (1982)), cert. denied, 507 U.S. 945 (1993); Bousley, 97 F.3d at 287-88.

-3-

1029 (1989).  Accordingly, we summarize the facts adduced at the two hearings held by the District Court in 1992.

On February 10, 1992, a Winneshiek County sheriff's deputy noticed a vehicle parked in the entrance to Ft. Atkinson Park, which had closed for the day more than an hour earlier.  When the deputy approached the vehicle, a Datsun 280-Z hatchback, he noticed a strong odor of marijuana.  The deputy eventually arrested Nelson, who was in the driver's seat, and his passenger, and a search of the car revealed more than 800 grams of marijuana.  In addition, the deputy discovered two unloaded shotguns in the rear interior of the hatchback and a loaded .357 revolver in a well behind the driver's seat.

At his plea hearing, Nelson stated in his own words, "I'm pleading guilty to having in my possession and my car at the time when I was picked up two shotguns and a 357 that was in a compartment in the back hatch of a Datsun 280-Z while having marijuana in my possession with intent to deliver."  Plea Tr. at 23-24.  When the court inquired further at the sentencing hearing about the location of the revolver, Nelson said:  "Well, underneath that carpet [behind the seat], you lift that carpet up.  Then you open up a deal like this well.  Down inside there is where that handgun was, and it was inside of a handgun case."  Sent. Tr. at 72.  Nelson also stated that some luggage was piled on top of the carpet, further restricting his access to the gun, but the deputy was unable to remember whether there was luggage behind the seat.  The deputy testified that Nelson could have reached the weapon from the driver's seat and could have been ready to fire it within five to ten seconds.

In this proceeding, the government concedes that Nelson did not "use" a firearm in relation to a drug trafficking crime.  See

Bailey, 116 S. Ct. at 508 (requiring active employment of firearm, including "brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire").  The government argues, however, that Nelson "carried" a firearm within the meaning of § 924(c).  For support, the government relies on our decision in United States v. Freisinger, 937 F.2d 383 (8th Cir. 1991), in which we held that to transport a firearm within the passenger compartment of a vehicle loaded with drugs is to "carry" a firearm.  See id. at 387.  The District Court disagreed, believing that it sensed a shift in our "carry" jurisprudence following Bailey.  In particular, the District Court relied on language from United States v. White, 81 F.3d 80 (8th Cir. 1996).  In White, the defendant had a magazine clip in his waistband, and a semi-automatic pistol (with the magazine missing) was found underneath his jacket, which he had dropped during a chase.  See id. at 83.  We cited several dictionaries' definitions of "carry," each of which included language about bearing an item "on one's person."  See id.  We then stated that "the government must prove that White bore the firearm on or about his person."  Id.  The District Court concluded that this language indicated that we had introduced into our § 924(c) "carry" cases a requirement that the firearm be carried on or about the defendant's person, and therefore, Freisinger was no longer good law.

Since the District Court granted relief to Nelson, we have several times reaffirmed that Freisinger remains good law after Bailey.  See United States v. Peyton, No. 96-2457, slip op. at 3 (8th Cir. Mar. 12, 1997); United States v. Rhodenizer, 106 F.3d 222, 225 (8th Cir. 1997); United States v. Barry, 98 F.3d 373, 377 (8th Cir. 1996), cert. denied, 117 S. Ct. 1014 (1997); United States v. Willis, 89 F.3d 1371, 1378-79 (8th Cir.), cert. denied, 117 S. Ct. 273 (1996).  We have also, tellingly, denied post-conviction relief to Freisinger himself.  See Freisinger v. United

States, 104 F.3d 363 (8th Cir. 1996) (unpublished per curiam). We recognize that we used language in the White opinion that seems more strict than that used in Freisinger, but it is to be expected that when we are concerned with a defendant who carried a weapon on his person, we will focus on the fact that the weapon was on his person. See also United States v. Johnson, No. 96-1843, slip op. at 3 (8th Cir. Mar. 14, 1997) (quoting White in case where defendant had gun in pants pocket). We do not believe that White can be fairly read to hold that, in all circumstances, a defendant "carries" a firearm only if it is on or about his person. Indeed, the very dictionaries we quoted in White include definitions of "carry" broad enough to support the Freisinger rule. See Webster's Third New International Dictionary 343 (1981) ("to move while supporting (as in a vehicle or in one's hands or arms)") (emphasis added); Black's Law Dictionary 214 (6th ed. 1990) ("To bear, bear about, sustain, transport, remove, or convey.") (emphasis added). As we said in Freisinger, "when a motor vehicle is used, carrying a weapon takes on a less restrictive meaning than carrying on the person. The means of carrying is the vehicle." Freisinger, 937 F.2d at 387 (citation and internal quotation marks omitted). We conclude that the District Court erred in reading White so narrowly as to displace the Freisinger rule.

Nelson argues that an additional requirement of our § 924(c) "carry" cases--that the firearm be readily available to the defendant--was not met in his case. We will assume, without deciding, that ready availability of the firearm is required for a "carry" conviction in this Circuit. See Freisinger, 937 F.2d at 388 n.4 ("[A] firearm which is carried either on the person or in a vehicle will at best be 'unavailable' (and thus not 'carried' within the meaning of the statute) only in very rare cases, if ever."). Even so, the testimony of the deputy that Nelson could have had the revolver ready to fire within five or ten seconds

constitutes a sufficient factual basis for a determination that the revolver was readily available to Nelson. See id. (concluding that revolvers located in a knotted pillowcase inside a large plastic bag were readily available to Freisinger).[3]

Finally, we consider Nelson's argument that there was no factual basis on which the District Court could have concluded that he "transported" the weapons in his car, as Freisinger and its progeny require. We need not refer to dictionaries to determine that transportation requires a movement from one place to another, and Nelson argues that his car remained in one place throughout his entire encounter with the deputy. Putting aside procedural niceties--the government argues that Nelson waived this argument by not raising it below, but Nelson may be entitled as appellee to offer this alternative ground for affirmance--we believe there was evidence presented at the sentencing hearing to establish that Nelson transported the firearms. Nelson himself stated to the court that he was giving his companion a ride to a friend's house when his car broke down in front of the park entrance, and both Nelson and the deputy indicated that the car's fuel pump was still running when Nelson got out of the car. This evidence is certainly enough to permit the court reasonably to determine that Nelson transported the firearms.

---

[3]It is possible to read the District Court's order as including a finding of fact that the revolver was not readily available to Nelson. Such a factual finding would be clearly erroneous on this record, see Laird v. United States, 987 F.2d 527, 529 (8th Cir. 1993) (standard of review), as well as slightly misdirected. As we have stated, the relevant inquiry is whether there was sufficient evidence presented upon which the court could reasonably have determined at the time of Nelson's plea in 1992 that the weapon was readily available to him.

For the reasons stated, the order of the District Court vacating Nelson's § 924(c) conviction and the sixty-month sentence thereon is reversed, and the case is remanded for resentencing consistent with this opinion.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT