United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-3619

_____

United States of America,      *
     *
        Appellant,      *
     *    Appeal from the United States
v.      *    District Court for the
     *    Eastern District of Missouri.
Donald Larkin, Jr.,      *
     *
        Appellee.      *

_____

Submitted: April 18, 1997

Filed: July 8, 1997

_____

Before BOWMAN, WOLLMAN, and HANSEN, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

The United States appeals the district court's order vacating Donald Larkin, Jr.'s conviction and sentence for using or carrying a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). We reverse and remand.

**I.**

In January of 1995, a confidential informant notified St. Louis police officers that a black male known as "Donde" would be making a delivery of cocaine and cocaine

base to a parking lot located in St. Louis at 4:30 that afternoon. The informant described the car that Donde would be driving and stated that Donde would be carrying a firearm. The officers surveilled the lot, and at approximately 4:30 or 4:45 that afternoon a car matching the description arrived. The officers watched the driver, later identified as Larkin, for about ten minutes before deciding to approach the car to ask for identification. As Detective Robert Siscel approached the car, he noticed Larkin lean down toward the floorboard of the car. When Siscel arrived at the driver's side of the car, he noticed the grips of a handgun protruding from under the driver's seat and ordered Larkin out of the car. Siscel then retrieved a .32 caliber revolver from under the driver's seat and arrested Larkin. Upon a subsequent search of Larkin's vehicle, the officers found a bag containing cocaine powder and cocaine base inside the driver's side door.

Larkin was indicted on three counts of possession with intent to distribute a controlled substance, one count of being a felon in possession of a firearm, and one count of using or carrying a firearm during a drug trafficking crime. Pursuant to plea negotiations, the government dismissed the possession of a firearm charge, and Larkin pled guilty to the remaining charges. Larkin was sentenced to 120 months' incarceration for the three drug trafficking counts and received a consecutive sixty-month sentence on the firearm count.

Larkin appealed, challenging only the constitutionality of the 100:1 quantity ratio for crack cocaine. We affirmed in an unpublished opinion. Larkin then filed a petition for rehearing and suggestion for rehearing en banc, arguing for reconsideration of his conviction for using or carrying a firearm during a drug trafficking crime. We remanded the case to the district court for further proceedings in light of the Supreme Court's decision in <u>Bailey v. United States</u>, 116 S.Ct. 501 (1995). On remand, the court found that Larkin had pled guilty only to use of a firearm and concluded that Larkin was not guilty of using of a firearm under <u>Bailey</u>. In addition, the court concluded that Larkin did not have the firearm on his person and was therefore not

guilty of carrying a firearm under section 924(c)(1). The court therefore vacated Larkin's conviction and sentence on the firearm count.

## II.

The government argues that the district court erred in vacating Larkin's conviction for using or carrying a firearm because the evidence was sufficient to establish that Larkin "carried" the firearm during the drug transaction. We agree.

The Court in Bailey determined that the term "use" in section 924(c)(1) denotes active employment of a firearm. 116 S. Ct. at 509. The Court's opinion did nothing, however, to alter the proof needed to establish that a defendant carried a firearm, and the ordinary meaning of "carry" therefore applies. See United States v. Willis, 89 F.3d 1371, 1378 (8th Cir.), cert. denied, 117 S. Ct. 273 (1996). We have not, as the district court concluded, limited the definition of "carry" only to having or bearing the firearm on one's person, but rather have held that "transporting firearms in the passenger compartment of a car loaded with drugs" constitutes carrying a firearm within the meaning of section 924(c)(1). See United States v. Nelson, 109 F.3d 1323, 1326 (8th Cir. 1997) (citing United States v. Freisinger, 937 F.2d 383, 387 (8th Cir. 1991), cert. denied, 65 U.S.L.W. 3814 (U.S. June 9, 1997) (No. 96-8920)).

Larkin argues, however, that the government did not contend that he had carried, nor did he admit to carrying a firearm. Larkin contends that because "carry" did not appear anywhere within the stipulation of facts relative to sentencing, he therefore pled guilty to and was convicted only of use of a firearm. We disagree.

The indictment read as follows:

On or about January 24, 1995, in the Eastern District of Missouri, Donald Larkin, Jr. the defendant herein, during and in relation to a drug

trafficking crime, namely, the possession with the intent to distribute cocaine base (crack) and cocaine, Schedule II controlled substances, did use **or carry** a firearm, to wit: an H & R Industries .32 cal revolver. (emphasis added).

Larkin pled guilty to this charge, stating during the change of plea proceedings that he had read the indictment and had no questions about the charges.

The stipulation of facts stated:

2.     . . . .

. . . [T]he defendant fully understands the elements of the crime with which he has been charged and which he admits committing are that he possessed the named firearm during and in relation to the drug trafficking crime of possession with the intent to distribute cocaine base, crack as mentioned  [sic] the proceeding [sic] paragraphs.

. . . .

11.   . . . [T]he defendant drove his vehicle to a location on North Kingshighway to deliver a quantity of cocaine and cocaine base.  At that time he had in his possession a firearm which was used during and in relation to that distribution offense. . . .   [T]he police searched the vehicle and found cocaine powder and cocaine base and the firearm.

Although the facts as admitted by Larkin do not establish the use of a firearm, as that term is defined in <u>Bailey</u>, they are more than adequate to establish that Larkin did carry the firearm, as that term is defined in <u>Willis</u> and <u>Nelson</u>.

The order is reversed, and the case is remanded for reinstatement of the conviction and the sentence on the firearm count.

–4–

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.