United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**
No. 97-2020

| | | |
|---|---|---|
| William R. Cody, individually and on behalf of all other persons similarly situated, | * * * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | |
| Roger Flittie, individually and on behalf of all other persons similarly situated, | * * * | |
| | * | |
| Appellants, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Carole Hillard, President of the Board of Charities and Corrections; Frank Brost, Vice President; Ted Spaulding, Member; D. A. Gehlhoff, Member; Lyle Swenson, Member; James Smith, Executive Secretary; Herman Solem, Warden of the South Dakota State Penitentiary, individually and in their official capacities, | * * * * * * * * * * | |
| | * | |
| Defendants - Appellees. | * | |

_____

Submitted: December 12, 1997

Filed: March 27, 1998

_____

Before MURPHY, JOHN R. GIBSON, and MAGILL, Circuit Judges.
_____

JOHN R. GIBSON, Circuit Judge.

William R. Cody and Roger Flittie, individually and as class representatives, appeal from the district court's order dissolving the consent decree in this South Dakota prison reform litigation. Cody and Flittie argue that the district court did not consider the relevant criteria in deciding whether to dissolve the decree and that the court's finding that the defendants had complied with the decree substantially and in good faith was clear error. Cody and Flittie also argue that the district court should have held an evidentiary hearing before resolving the factual issues of defendants' past and present compliance with the decree and their future compliance with the Constitution. We remand for more complete findings and articulation of the basis for the district court's exercise of its discretion.

This case was filed in 1982, challenging conditions and practices of confinement at the South Dakota State Prison and Women's Correctional Facility. On May 31, 1984, after trial, the district court held that conditions at the South Dakota State Penitentiary violated the Eighth and Fourteenth Amendments. Cody v. Hillard, 599 F. Supp. 1025, 1062 (D.S.D. 1984). The court's final order was entered on July 8, 1985, covering the subjects of overcrowding, double-celling, and inadequate quality control and staffing for health services. We reversed in part and affirmed in part. Cody v. Hillard, 830 F.2d 912 (8th Cir. 1987) (en banc), cert. denied, 485 U.S. 906 (1988). On July 8, 1985, the court entered a detailed consent decree covering the discrete subjects of environmental conditions, medical and dental care, psychiatric and psychological care, and access to courts. The consent decree is the subject of the present motion. The consent decree did not state the time of its duration, but it did provide that the

defendants would provide formal progress reports concerning their compliance with the decree in June, September, and December 1985, and March 1986.

On two occasions, in July 1987 and May 1992, the district court held hearings to determine whether the prison was in compliance with the consent decree. After the July 1987 hearing the district court filed an order "recognizing the earnest steps taken by the Defendants in addressing the issues raised in this action," but requiring the parties to appoint a health and safety panel to agree on specific steps to remedy deficiencies in compliance with the decree. The court also extended the monitoring requirement of the consent decree through 1988. After the 1992 hearing, the court entered an order requiring the defendants to take various actions the court held to be necessary under the consent decree and supplemental orders. For instance, the court ordered the defendants to balance the ventilation system in the prison, to cease storing non-polar solvents in ungrounded containers in the prison shop area, and to install a vacuum-based cleaning system in the carpentry shop and eventually install a central ventilation system in that shop. In particular, the court noted that the prison was not in compliance with fire safety and ventilation requirements of the consent decree and the court's supplemental orders in the prison furniture refinishing shop. The court ordered immediate compliance with fire safety requirements in that shop and compliance with dust removal requirements "forthwith, but in any event by December 31, 1992." The court was quite critical of the defendants' compliance with the fire safety requirements, stating that "fire safety hazards have continued for years after they were ordered to be remedied and defendants still have no plans to abate them."

On April 16, 1996, the defendants filed a motion under Fed. R. Civ. P. 60(b) to dissolve the consent decree and supplemental orders. The defendants filed a memorandum in support of their motion, contending that they had substantially complied with the consent decree and attaching exhibits (such as reports by the plaintiffs' experts) which they argued established that compliance. The plaintiffs opposed vacatur of the consent decree, arguing that the district court had to hold a

hearing to determine defendants' past and present compliance with the decree and the outlook for defendants' future compliance with the Constitution.

The district court refused to order a hearing, but ordered the plaintiffs to file supplemental materials setting forth the areas of defendants' non-compliance with the consent decree. The plaintiffs filed the declaration of their expert Robert Powitz, Ph.D., who stated that he had inspected the prison in October 1996 and that he had concluded that "there are a number of conditions that pose serious health or safety risks." Powitz detailed those conditions, but except for one paragraph in a four-page report, he did not specify whether the conditions he pointed out were covered by the consent decree. The plaintiffs filed a supplemental brief linking the conditions noted by Powitz to provisions of the consent decree and supplemental orders.

The district court then entered an order dissolving the consent decree. The findings of fact and conclusions of law consisted entirely of the following two paragraphs:

> The Court having considered the motion herein filed does determine that the consent decree has served its purposes and is no longer needed in order to serve the public interest.

> Throughout the period of the consent decree, lasting as it has for over ten years, the defendants have conscientiously and in good faith complied substantially with its terms. Notwithstanding defendants' compliance, plaintiff invites the Court to continue its jurisdiction. However, in the absence of ongoing substantial violations, the Court declines the invitation. Board of Educ. of Oklahoma City Public Schools v. Dowell, 498 U.S. 237, 111 S. Ct. 630, 112 l. Ed.2d 715 (1991). The Court sees no need for a further evidentiary hearing.

The decision to terminate jurisdiction over a consent decree rests in the district court's discretion.  See McDonald v. Carnahan, 109 F.3d 1319, 1321 (8th Cir. 1997).  In exercising that discretion, the district court should consider the following factors:

> (1) any specific terms providing for continued supervision and jurisdiction over the consent decree; (2) the consent decree's underlying goals; (3) whether there has been compliance with prior court orders; (4) whether defendants made a good faith effort to comply; (5) the length of time the consent decree has been in effect; and (6) the continuing efficacy of the consent decree's enforcement.

Id.; see also Board of Educ. v. Dowell, 498 U.S. 237, 247 (1991) (if district court finds that defendant operating in compliance with Constitution and unlikely to return to "its former ways," purposes of injunction have been achieved) .

The plaintiffs contend that the district court clearly erred in ignoring their evidence that there were past and present violations of the consent decree.  The defendants contend that the district court did not ignore that evidence, but simply determined that the alleged past violations were insubstantial and that many of  the conditions currently complained of by Powitz are not covered by the consent decree.[1]

 The abbreviated order of  the district court fails to demonstrate compliance with McDonald v. Carnahan.   Further, we cannot determine the basis  for the district court's decision from this brief order.  The record indicates that there have been failures in the

---

[1]The defendants argue that the court should not consider Powitz's declaration because it does not comply with the formal requirements of 28 U.S.C. § 1746 (1994).  Defendants did not raise this question at the district court level, where the defect could have easily been corrected.  Even more crucial, in opposing the plaintiffs' request for an evidentiary hearing, the defendants relied on similar declarations of Powitz, which they referred to as "a vast evidentiary foundation" supporting the district court's ruling.  We need hardly say that defendants' objection is waived.

past to comply with the decree and supplemental orders, and that there are still at least some violations of the decree.  The district judge's order does not give us enough information to determine whether he ignored the evidence of past and present violations or whether he considered any violations inconsequential in the context of substantial compliance.  If the conditions Powitz complained of constitute violations of the consent decree, the district court must exercise its discretion in determining whether those violations were serious enough to constitute substantial noncompliance and to cast doubt on defendants' future compliance with the Constitution.  See McDonald, 109 F.3d at 1322-23.  Moreover, the ultimate question of whether the defendants are likely to comply with the Constitution in the absence of court supervision is a question of fact, see Dowell, 498 U.S. at 247, for which the district court made no finding.

We may not make these findings of fact or exercise discretion in the district court's stead.  See Duffie v. Deere & Co., 111 F.3d 70, 74 (8th Cir. 1997) (function of appellate court is to review findings of fact, not to make them); Bannister v. Sorenson, 103 F.3d 632, 636-37 (8th Cir. 1996).  At the same time, the district court's findings and conclusions are simply too cryptic for us to ascertain whether the court applied all the factors listed in McDonald, and if it did, whether it did so without clear error or abuse of discretion.

Federal Rule of Civil Procedure 52(a) generally requires findings of fact and conclusions of law for rulings on injunctions, but not on motions.  However, we need not decide what Rule 52 requires on this motion to dissolve an injunction, since  we may remand even a ruling on a motion for findings and conclusions if our review would be hindered without them.  DeShane v. Deere & Co., 726 F.2d 443, 446 (8th Cir. 1984); see also Romer v. Green Point Sav. Bank, 27 F.3d 12, 16-17 (2d Cir. 1994) (remanding for findings on temporary restraining order, even though Rule 52 does not require findings for t.r.o.;  without further explanation of the district court's ruling, court of appeals would have difficulty understanding the basis of the ruling and determining whether district court applied law correctly).  We therefore  remand to the district court

to apply the factors we recited in <u>McDonald</u> and to enter findings of fact and conclusions of law that will enable us to review its decision.

The plaintiffs further argue that they were entitled to an evidentiary hearing. They do not cite any cases stating that a hearing is a necessary prerequisite to terminating supervision over a decree (as opposed to modifying a decree, <u>see</u> <u>Heath v. DeCourcy</u>, 992 F.2d 630, 634 (6th Cir. 1993)). At any rate, the necessity of a hearing depends on whether there are disputed factual issues. In this case there appear to be factual disputes crucial to resolution of the motion. It is, therefore, necessary that the court either conduct such a hearing or articulate the rationale that would make such a hearing superfluous.

We remand for further proceedings in accordance with this opinion. We retain jurisdiction.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.