# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1783

_____

Dwayne Anthony Etheridge,      *

                        *

        Petitioner-Appellant,     *

                        *

                        *    Appeal from the United States

    v.                     *    District Court for the District

                        *    of Minnesota.

United States of America,      *

                        *

        Respondent-Appellee,     *

_____

Submitted: December 15, 2000
Filed: February 15, 2001

_____

Before MCMILLIAN and MURPHY, Circuit Judges, and BOGUE,[1] District Judge.

_____

MURPHY, Circuit Judge.

Dwayne Etheridge was convicted by a jury of conspiracy to possess and distribute cocaine and of possession with intent to distribute cocaine, and he was sentenced to 90 months. On direct appeal the judgment was affirmed. See United States v. Etheridge, 168 F.3d 495, 1998 WL 792467 (8th Cir. Nov. 17, 1998) (Table).

_____

[1]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

Now before the court is his appeal from the denial by the district court[2] of his petition to set aside his convictions under 28 U.S.C. § 2255. Etheridge claimed ineffective assistance of counsel and due process violations and asked in the alternative for resentencing. A certificate of appealability was granted by the district court on the ineffective assistance of counsel claims he had raised. We affirm.

I.

Dwayne Etheridge and Valeria Newsome were indicted for conspiracy to possess and distribute cocaine, in violation of 21 U.S.C. § 846, and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Newsome entered into a plea agreement and testified at trial that she had a long history of drug trafficking and was engaged in drug dealing with Etheridge. She said that Etheridge had recruited her to go to Arizona and ship drugs back to Minnesota. The drugs were obtained from a source known as Jesus, who was an acquaintance of Newsome's husband, DJ Newsome, and her brother, Kevin Moore. According to Newsome's testimony, she picked up drugs and mailed them to a family member in Minnesota on numerous occasions. Etheridge would then telephone that family member and pick up the drugs. Etheridge paid the source directly and wired money to Newsome for her services. Deputy Brad Erickson testified that controlled deliveries had been made after postal workers discovered packages of cocaine in the mail; Tanisha Willis was found at one location. Willis reported that a man with the nickname "D" had recruited her to receive packages, and she later identified Etheridge as "D" from a photo lineup. When deputies searched Etheridge's apartment with a search warrant, they found a pager, a cellular phone, false W-2 tax and wage statements, phone and pager records, and an address book linking him to the drug conspiracy.

_____

[2]The Honorable Paul A. Magnuson, Chief United States District Judge for the District of Minnesota.

Etheridge's theory of defense at trial was that it was Newsome who shipped the drugs to her relatives and that he was merely a family friend calling to check on Willis' sick child and innocently present where the drugs were delivered. On cross examination of Newsome, Etheridge's attorney attempted to establish that she was the leader of the conspiracy and that she was lying to fulfill her plea bargain. Newsome admitted at trial that her husband had had a long history of dealing drugs and that she had also mailed drugs back to family members in Minnesota before she ever met Etheridge. She testified that her brother set up the deals because Etheridge did not know the source. Newsome also admitted that under her plea agreement she would receive a reduced sentence for her testimony, that her other family members were subject to indictment, and that she realized that her testimony could subject her brother Kevin Moore to prosecution.

After Etheridge was convicted on both counts, his attorney filed a motion requesting a sentencing hearing on whether he should be given a two level enhancement for being a leader of the conspiracy. At the sentencing hearing, Etheridge's attorney advised the court that an evidentiary hearing would not be necessary. He argued that the trial evidence had established that Newsome was the leader. He pointed to evidence that she had sent drugs to her brother and daughter before she met Etheridge, that she sent drugs to her daughter on September 6 without Etheridge's knowledge, that it was her husband who had the source, and that she had established a distribution structure before Etheridge was involved. The district court found that Etheridge was a leader and applied a two level enhancement. The court concluded, however, that Etheridge's Criminal History Category of III was overstated in the Presentence Investigation Report he reduced it to Category II. The resulting guideline range was 87 to 108 months, and the court sentenced him to 90 months of imprisonment, four years of supervised release, and $200 in special assessments.

In his § 2255 petition, Etheridge sought vacation of his convictions or resentencing without the two level enhancement or after an evidentiary hearing. He

claimed that his Sixth Amendment right to effective assistance of counsel was violated because his attorney failed to challenge the search warrant and failed to request a hearing under Franks v. Delaware, 438 U.S. 154 (1978), failed to request a buyer-seller instruction, and improperly waived an evidentiary hearing at sentencing. Etheridge also claimed his due process rights were violated because the government purchased the testimony of his coconspirators, basing this claim on the original Tenth Circuit panel decision in United States v. Singleton, 144 F.3d 1343 (10th Cir. 1998), *rev'd en banc*, 165 F.3d 1297(1999).

The district court denied the petition without holding an evidentiary hearing. It pointed out that Etheridge's counsel had challenged the search warrant by bringing a motion to suppress and arguing its invalidity on appeal. The court also held that the Franks claim lacked merit because the standard of "reckless disregard" could not be met. A buyer-seller instruction would have undermined the defense theory that Etheridge was innocent and merely present at the locations to which the drugs were mailed. An evidentiary hearing was not needed because the court already knew from the trial evidence about Newsome's role in the trafficking and there was sufficient evidence that Etheridge was a leader. Finally, the court noted that the Singleton theory was foreclosed by United States v. Albanese, 195 F.3d 389, 394 (8th Cir. 1999). The court granted Etheridge a certificate of appealability only on his ineffective assistance of counsel claims.

On appeal from the denial of his petition, Etheridge argues that the district court erred by not holding an evidentiary hearing before denying the petition and that his counsel was ineffective at trial and on direct appeal because he failed to go forward with an evidentiary hearing at sentencing, did not adequately cross examine Newsome about her plea agreement, allowed the trial to be conducted in a "choppy and sporadic nature," and declined to address Singleton at the appellate argument. Etheridge also attempts to argue prosecutorial misconduct based on the alleged incomplete disclosure

of Newsome's plea agreement.[3]  The government argues that Etheridge was not prejudiced by the lack of an evidentiary hearing at sentencing because the district court already knew about Newsome's drug activity and that the other claims are not reviewable because the claim of prosecutorial misconduct is not covered in the certificate of appealability and some of his ineffective assistance of counsel claims were not presented to the district court.

## II.

The district court granted a certificate of appealability on the question of whether Etheridge was denied effective assistance of counsel.  Those issues presented to the district court were Etheridge's claims that his attorney failed to challenge the validity of the search warrant or to request a <u>Franks</u> hearing, failed to request a buyer seller instruction, and improperly waived an evidentiary hearing at sentencing.  In his appellate briefs, Etheridge only addressed counsel's failure to conduct an evidentiary hearing at sentencing.  He did not discuss the other three claims of ineffective

---

[3]After the initial appellate briefs were filed, Etheridge moved to supplement the record to introduce an affidavit of Newsome.  In this affidavit she states that the prosecutor promised he would not bring charges against her relatives if she testified against Etheridge.  The government responds that the affidavit addresses claims not presented to the district court and is beyond the certificate of appealability.  We deny the motion to supplement.  <u>See</u> <u>Fields v. United States</u>, 201 F.3d 1025, 1026 n.2 (8th Cir. 2000); <u>Mulvaney v. Rush</u>, 487 F.2d 684, 687 (3d Cir. 1973); <u>see also</u> <u>United States. v. Grey Bear</u>, 116 F.3d 349, 350 (8th Cir. 1997).

Etheridge also argues that an evidentiary hearing should have been conducted to question Newsome about her plea agreement and about why no one in her family had been prosecuted.  We decline to address this argument because it was not presented to the district court, <u>see</u> <u>United States v. Nelson</u>, 109 F.3d 1323, 1325 (8th Cir. 1997), but we note elsewhere that there was much evidence at trial about Newsome and her plea agreement.

assistance.  Claims not argued in the briefs are deemed abandoned on appeal.  See Jasperson v. Purolator Courier Corp., 765 F.2d 736, 740-41 (8th Cir. 1985).  Moreover, Etheridge has conceded that those "issues [are] not presented on this appeal."  Appellant's Reply Brief at 1.  The only issue presented to the district court which has been certified and briefed on appeal was whether counsel was ineffective for not conducting an evidentiary hearing at sentencing.  This is the only issue we need address.

Etheridge also raises issues in his briefs that were neither certified for appeal nor presented to the district court.  He now argues prosecutorial misconduct and ineffectiveness of counsel because he did not adequately cross examine Newsome about her plea agreement, refused to address inquiries at oral argument about the possible applicability of Singleton, and allowed the trial to be conducted in a "choppy and sporadic nature."  Issues not presented to the district court and not within the scope of the certificate of appealability are not properly before this court and will not be addressed.  See Nelson, 109 F.3d at 1325;  Fields, 201 F.3d at 1026 n.2.

On the ineffective assistance claim that was certified, we review the district court's conclusions of law de novo, its findings of fact for clear error, and its denial of an evidentiary hearing for an abuse of discretion.  See Tokar v. Bowersox, 198 F.3d 1039, 1045 (8th Cir. 1999); Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996).  To prevail Etheridge must show (1) that his attorney's performance fell below a professional objective standard of reasonableness; and (2) that he was prejudiced.  See Strickland v. Washington, 466 U.S. 668, 687 (1984).  In assessing whether counsel's performance was reasonable, we look at prevailing professional norms and "consider[] all the circumstances.  Id. at 688.  To establish prejudice, Etheridge must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id at 694.

Etheridge claims that if a sentencing hearing had been conducted, evidence that Newsome was the leader of the conspiracy would have been presented and as a result he would not have received a two level sentence enhancement under U.S.S.G. § 3B1.1. According to Etheridge, a hearing would have revealed that he did not recruit Roger Moore or Tanisha Willis, that Newsome and her husband both had a long history of selling drugs, that the drugs came from her husband's contact, that she mailed drugs to her family members numerous times before she met Etheridge, and that she also stole part of the cocaine and sent it to her daughter without Etheridge's knowledge. The government responds that the evidence Etheridge claims would have been elicited had already been heard by the district court at trial.

On direct appeal, Etheridge argued that the district court improperly assessed a two level enhancement for organizing the conspiracy. See Etheridge, 1998 WL 792467 at *1. We affirmed the enhancement, pointing out that the evidence showed he recruited people to mail and receive drugs and he instructed accomplices on how and where to deliver the drugs. See id. For this reason we need not review Etheridge's argument at this stage. See United States v. Shabazz, 657 F.2d 189, 190 (8th Cir. 1981). Even if review were not precluded, however, Etheridge has not shown that he was prejudiced by his counsel's performance. See DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000).

At the sentencing proceeding, Etheridge's attorney reminded the court about the evidence presented at trial: Newsome sent drugs to her brother and daughter before she met Etheridge, on September 6, 1997 she sent drugs to her daughter without Etheridge's knowledge, the source was her husband's, and she had established a distribution structure before Etheridge was involved. The district court indicated that it was fully aware of this evidence, that there was substantial evidence that Etheridge was a leader in the conspiracy because he arranged for pickups and deliveries, mailed the money, and told Newsome where to mail the drugs. Since most of the evidence Etheridge claims would have been uncovered by an evidentiary hearing was highlighted

by his attorney and already known by the court, he cannot show a reasonable probability that he would not have received the enhancement. He has not shown prejudice or that his Sixth Amendment right to the effective assistance of counsel was violated or that the district court erred by not holding an evidentiary hearing on his § 2255 petition.

For these reasons, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.