# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1365

_____

Rod White,

        Appellant,

     v.

Jerry T. Crane, Sheriff, Hempstead
County; Jim Parsons, Jail
Administrator;

        Defendants,

Lloyd Woods, Jailer; Jeremy Brown,
Jailer,

        Appellees.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the Western
\*   District of Arkansas.
\*
\*       [UNPUBLISHED]
\*
\*
\*
\*
\*
\*
\*
\*

_____

Submitted:  August 29, 2002

Filed:  September 4, 2002

_____

Before WOLLMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Rod White appeals the district court's adverse grant of summary judgment in his civil rights action.  Having reviewed the district court's summary judgment

determination de novo, see Hudson v. Norris, 227 F.3d 1047, 1050 (8th Cir. 2000), we reverse and remand.

Mr. White, a former inmate at the Hempstead County Detention Facility, brought this action against, inter alia, jailers Lloyd Wood[1] and Jeremy Brown, alleging that in 2001 they failed to protect him from an attack by another inmate, Stacy Trotter.[2] Officers Wood and Brown moved for summary judgment, claiming qualified immunity. In a verified response, Mr. White declared that when he was booked he notified another officer and Brown that Trotter should be put on his enemy-alert list because of a problem Mr. White just had with Trotter's wife; Trotter thereafter threatened to kill Mr. White for what Mr. White had done to Trotter's wife; Mr. White told Wood that Trotter was his enemy and was going to try to get him; when Wood led Mr. White in handcuffs to Trotter's "pod," Mr. White asked Wood "at least" to handcuff Trotter before opening the door, but Wood refused; and when Wood opened the door, Trotter attacked Mr. White. Mr. White also declared that Brown (knowing Trotter was Mr. White's enemy) should not have let Wood "go back there by [himself]," but should have been present to help. The district court held that the jailers were entitled to qualified immunity. We disagree.

Mr. White's allegations in his summary judgment response, taken as true, established a constitutional violation. See Hope v. Pelzer, 122 S. Ct. 2508, 2513 (2002) ("The threshold inquiry a court must undertake in a qualified immunity analysis is whether plaintiff's allegations, if true, establish a constitutional violation."). "Despite their participation in this constitutionally impermissible conduct, [defendants] may nevertheless be shielded from liability for civil damages

---

[1]The record seems to indicate that this jailer's name is "Wood," not "Woods."

[2]Mr. White also asserted a medical deliberate-indifference claim, but he has abandoned it by not raising it in his appellate brief. See Etheridge v. United States, 241 F.3d 619, 622 (8th Cir. 2001).

if their actions did not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Id. at 2515 (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). Mr. White's right to be free from the attack was, however, well settled by 2001. See Prater v. Dahm, 89 F.3d 538, 541 (8th Cir. 1996) (it is well settled that Eighth Amendment imposes duty on prison officials to protect prisoners from violence at hands of other prisoners); Erickson v. Holloway, 77 F.3d 1078, 1080-81 (8th Cir. 1996) (jail guard who was informed of inmate's report of threat from prisoner but who allegedly failed to disable cell block control panel when he left his post or to investigate prisoner's sudden movement toward area in which inmate was located was not entitled to qualified-immunity protection). Under the facts alleged, we conclude it was not objectively legally reasonable for the jailers to believe that their conduct did not violate Mr. White's clearly established Eighth Amendment right. See Curry v. Crist, 226 F.3d 974, 977 (8th Cir. 2000) (critical inquiry for qualified-immunity purposes is whether it was objectively legally reasonable for prison official to believe his conduct did not violate inmate's clearly established right).

We hold, as to the failure-to-protect claim, that the district court erred in granting summary judgment in favor of officers Wood and Brown on the basis of qualified immunity. Accordingly, we reverse and remand the case for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.