# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 02-3475

_____

| | | |
|---|---|---|
| Dr. Raphael Williams; | * | |
| Mrs. Jo Evelyn Williams, | * | |
| | * | |
| Appellants, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Missouri. |
| Chai-Hsu Lu; Chai-Pei Lu; Charles Lu; | * | |
| Henlia Chen; Hsiu-San Lin; | * | |
| Yun-Long Sun; Kon-Kweii Lee; | * | |
| Tsung Hua Liu; Thomas Tai Chen; | * | |
| Pen Liang Pa, doing business as | * | |
| Jeffrey Plaza Partnership; Rico Ayuso, | * | |
| Individually and in his official | * | |
| capacity as a Deputy Sheriff of St. | * | |
| Louis County, Missouri; Reginald | * | |
| Burke, Individually and in his official | * | |
| capacity as a University City Police | * | |
| Officer; Sara Poteet, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: April 18, 2003

Filed: July 14, 2003

_____

Before MORRIS SHEPPARD ARNOLD, BEAM, and MELLOY, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Raphael Williams, a periodontist, and Jo Evelyn Williams, Dr. Williams's office manager and wife, brought this 42 U.S.C. § 1983 action claiming that, in the course of serving process in a state court action, the defendants violated their right to be free from unreasonable searches and seizures under the fourth amendment. One defendant moved to dismiss on the ground that the conduct described in the first amended complaint did not constitute a search or seizure under the fourth amendment. The district court[1] granted the motion to dismiss as to all defendants, and this appeal ensued. We affirm.

Dr. Williams leased office space from Jeffrey Plaza Partnership. According to the complaint, a representative of Jeffrey Plaza and a deputy sheriff came to Dr. Williams's office to serve him with process in a case involving his tenancy. Mrs. Williams advised them that Dr. Williams was in surgery and could not be disturbed. In response, the representative and the deputy sheriff made "loud and threatening noises, demanding that Dr. Williams come out, or they would call the police." The deputy sheriff did indeed call the police; the police arrived and told Mrs. Williams that they would not leave and that Dr. Williams's refusal to make himself available for service constituted a crime.

The deputy sheriff, the police, and the representative of Jeffrey Plaza then remained in the reception area of Dr. Williams's office for over an hour. During that time one of the officers threatened to "allow no one to leave or enter the office," and constantly demanded that Dr. Williams come out of surgery to accept service or be subject to arrest for obstruction of justice. In response to this disturbance, Dr. Williams left surgery and came into the reception area. The deputy sheriff

---

[1]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

"smacked Dr. Williams in the face with the summons and process." The deputy sheriff, the Jeffrey Plaza representative, and the police then left Dr. Williams's office.

We reject Dr. and Mrs. Williams's assertion that they themselves were unlawfully seized. Although Dr. and Mrs. Williams did not present their lone argument on appeal to the district court, we may address it both because its "proper resolution is beyond any doubt" and it "involves a purely legal issue in which no additional evidence or argument would affect the outcome of the case." *Tarsney v. O'Keefe*, 225 F.3d 929, 939 (8th Cir. 2000) (internal quotations omitted), *cert. denied*, 532 U.S. 924 (2001). Dr. and Mrs. Williams contend that service of process is a "seizure" as a matter of law, and because the service here was unlawful (because it did not comply with the requirements of Missouri law), there was necessarily an "unreasonable seizure" in violation of the fourth amendment. This is simply not the law. A court's mere acquisition of jurisdiction over a person in a civil case by service of process is not a seizure under the fourth amendment. *Cf. DePiero v. City of Macedonia*, 180 F.3d 770, 789 (6th Cir. 1999), *cert. denied*, 528 U.S. 1105 (2000); *Nieves v. McSweeney*, 241 F.3d 46, 56 (1st Cir. 2001).

We note, moreover, that Dr. and Mrs. Williams do not argue on appeal that they were unlawfully seized by the defendants' threats to arrest them or to restrict their ingress and egress. Nor do they raise on appeal their earlier claim that the defendants unlawfully seized their property. Claims not raised on appeal are waived. *Etheridge v. United States*, 241 F.3d 619, 622 (8th Cir. 2001). Finally, despite Dr. and Mrs. Williams's invocation of the term "search" in their complaint and in their brief on appeal, the complaint in fact makes no allegation that the defendants searched the premises or any person present. We therefore reject the plaintiffs' unlawful search claim as well.

Because Dr. and Mrs. Williams's complaint failed to allege a constitutional violation under the fourth amendment, the district court correctly dismissed it. We therefore affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.